IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**United States**

**v.**

**Thomas Robertson**

CASE NO: 1:21-cr-00034-CRC-1

**MOTION FOR DISCOVERY PURSUANT TO RULE 16(a) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE AND RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**

Defendant, Thomas Robertson, by and through his attorneys, Mark Rollins, Rollins, and Chan Law Firm, pursuant to Fed.R.Crim.P.12(b)(3)(E) moves this Honorable Court to order the attorney for the Government to permit the Defendant to inspect, copy or photograph or to furnish copies of the following:

**(A)     Request for Rule 16 Material**

1. Any written or recorded statement of Defendant or copies thereof within the possession, custody or control of the Government, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the Government, as required under Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.

2. The substance of any oral statement which the Government intends to offer in evidence at trial made by Defendant, whether before or after arrest and in response to interrogation by any person known to the Defendant to be a Government agent, as required by Rule 16(a)(1)(A) of the Federal Rules of Criminal Procedure.

3. A copy of Defendant's prior criminal record, if any, within the possession, custody, or control of the Government, the existence of which is known, to the attorney for the Government, as required by Rule 16(a)(1)(B) of the Federal Rules of Criminal Procedure.

4. All books, papers, documents, photographs, tangible objects, or copies

or portions thereof, which are within the possession, custody, or control of the Government and which are material to the preparation of Defendant's defense or intended for use by the Government as evidence at trial or were obtained or belong to Defendant, as required by Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure.

5.     Results and reports of physical or mental examinations and scientific tests and experiments, or copies thereof, which are within the possession custody or control of the Government, or the existence of which are known, or by the exercise of due diligence may become known, to the attorney for the Government, and which are material to the preparation of the Defendant's defense herein or are intended for use by the Government as evidence in its case-in-chief at trial as required by Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure.

6.     All request pursuant to Rule 16(a)(1)(E); Rule 16(a)(1)(F)

7.     Any evidence of other crimes, wrongs, or acts the Government intends to introduce at the trial of this matter in accordance with Federal Rule of Evidence 404(b).

**(B) Request for Exculpatory Evidence**

Defendant requests disclosure of evidence favorable to Defendant on the issue of guilt and/or sentencing. The Government states it will disclose material evidence which is favorable to Defendant as required by Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. the United States, 405 U.S. 150 (1972); and United States v. Bagley, 473 U.S. 667 (1985).

Furthermore, the Defense request:

1. All prior convictions and juvenile adjudications of all government witnesses. See Lewis v. United States, 393 A.2d 109 (D.C. 1978); and on reh., 408 A.2d 303 (D.C. 1979).

2. All information in possession of the Government regarding (a) any government witness who has a pending juvenile or criminal case on or since the date of the offense; (b) any government witness who has had an arrest, guilty plea, trial, or sentencing on or since the date of the offense; (c) any government witness who has been on juvenile or criminal parole or probation on or since the date of the offense; (d) any government witness who now has or has had any other liberty interest that the witness could believe might be favorably affected by government action. Please provide docket numbers, dates, and jurisdictions for all such cases. See    Davis v. Alaska, 415 U.S. 308 (1974); Washington v. United States, 461 A.2d 1037 (D.C. 1983).

3. Any prior, inconsistent, non-corroborative, or other witness statements that will not reflect the witness' trial testimony. See United States v. Enright, 579 F.2d 980, 989 (6th Cir. 1978).

4. Any information in the Government's possession indicates that any government witness's mental state is below normal or abnormal.

5. Any information in possession of the Government that is favorable to the defense, whether or not technically admissible in Court, and which is material to the issue of guilt.

6. Any witness's failure to provide the police or the Government with information testified to at trial.

7. Any other information which tends to show a government witness' bias or corruption, see Matter of C.B.N., 499 A.2d 1215 (D.C. 1985), or which otherwise impeaches the witness' testimony.

8. The names and addresses of any person/s who (a) identified someone other than Defendant as a perpetrator of the alleged offense.  See   Cannon v. Alabama, 558 F.2d 1211 (5th Cir. 1977), cert. Denied, 434 U.S.    1087 (1978); Grant v. Alldredge, 498 F.2d 376 (2d Cir. 1974); (b) failed to identify the Defendant as a perpetrator of the alleged offense when asked to do so in any identification procedure.  See United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2d Cir. 1964); and (c) gave any description/s of the perpetrator of the alleged offense which in some material respect, (e.g., height, weight, clothing, race, complexion, age, etc.), differs from the Defendant.  See Frazzle v. the United States, 380 A.2d 1382, 1385 (D.C. 1977), cert. Denied, 439 U.S. 931 (1978); see Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968).

9. The names and addresses of all persons who would contradict or impeach any government testimony or other evidence.

10. Any information in possession of the Government that is favorable to the defense, whether or not technically admissible in Court, and which is material to the issue of guilt.

11. Prior bad acts of any government witness.  Lawrence v. United States, 482 A.2d 374 (D.C. 1984).

**(C)** **<u>Notice of Evidence of Other Crimes, Wrongs, or Acts</u>**

Rule 404(b)(3) of the Federal Rules of Evidence requires the Government to provide reasonable notice of any evidence of other crimes, wrongs or acts

committed by the Defendant that it intends to offer at trial.

## **POINTS AND AUTHORITIES**

1. Fed.R.Crim.P.12(b)(3)(E)

2. The Record herein

WHEREFORE, Defendant requests as follows:

1. That the Court enter an order requiring the Government to provide discovery in accordance with this motion; and

2. For such other and further relief as this Court may deem and proper.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2021, I complied with electronic filing.

/s/ _____

Mark Rollins