```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                    Criminal Action No.
            Plaintiff,              1:21-cr-00034-CRC
                                    Thursday, February 25, 2021
vs.                                 1:33 p.m.

THOMAS ROBERTSON and
JACOB FRACKER,

            Defendant(s).
- - - - - - - - - - - - - - - x
_____

               TRANSCRIPT OF ARRAIGNMENT HEARING
       HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                 UNITED STATES DISTRICT JUDGE
_____
```

APPEARANCES:

| | |
|---|---|
| For the United States: | **RISA BERKOWER, ESQ.**<br>**ELIZABETH ANN ALOI, ESQ.**<br>**UNITED STATES ATTORNEY'S OFFICE**<br>555 4th Street, NW<br>Washington, DC 20530<br>(202) 252-6782 |
| For Defendant Robertson: | **MARK M ROLLINS, ESQ.**<br>**ROLLINS & CHAN**<br>419 Seventh Street, NW<br>Washington, DC 20004<br>(202) 455-5610 |
| For Defendant Fracker: | **BERNARD F. CRANE, ESQ.**<br>**LAW OFFICES OF BERNARD F. CRANE**<br>10521 Judicial Drive<br>Fairfax, VA 22030<br>(202) 486-6555 |
| Court Reporter: | Lisa A. Moreira, RDR, CRR<br>Official Court Reporter<br>U.S. Courthouse, Room 6718<br>333 Constitution Avenue, NW<br>Washington, DC  20001<br>202-354-3187 |

```
 1                    P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Your Honor, we're on the
 3     record for Criminal Case 21-34, United States of America vs.
 4     Thomas Robertson and Jacob Fracker.
 5              Counsel, please identify yourselves for the
 6     record.
 7              MR. ROLLINS:  Mark Rollins for Thomas Robertson
 8     appearing by WebEx video -- I mean, Zoom video.
 9              MS. BERKOWER:  Good afternoon, Your Honor; Risa
10     Berkower for the government.
11              MS. ALOI:  Good afternoon; Liz Aloi, also for the
12     government.
13              THE COURT:  And for Mr. Fracker, who is appearing?
14              Mr. Crane, you're on mute.
15              You're still on mute, or you have your mic
16     disconnected.  We cannot hear you.
17              MR. CRANE:  Thank you.  Bernard Crane on behalf of
18     Mr. Fracker.
19              THE COURT:  There you go.
20              Mr. Robertson, Mr. Fracker, I can see you.  Can
21     you see and hear me?
22              DEFENDANT FRACKER:  Yes, sir.
23              DEFENDANT ROBERTSON:  Yes, sir, I can.
24              THE COURT:  Okay.  Good afternoon to you both.
25              Obviously we would ordinarily do this in person
```

1   here in the courtroom, but because of the pandemic we have
2   been doing these proceedings remotely in the interest of
3   public safety.  Have you all discussed that with your
4   lawyers, and do you consent to proceed by remote video this
5   afternoon?
6           Let's start with Mr. Robertson.
7           DEFENDANT ROBERTSON:  Yes, sir, I have, and I do.
8   Yes, sir, I have and I do.
9           THE COURT:  All right.  Mr. Fracker.
10          DEFENDANT FRACKER:  Yes, sir, absolutely.
11          THE COURT:  All right.  Very well.
12          I know this process can be a little bit confusing
13  to defendants, to appear before multiple judges, but now
14  that the case has been formally charged, I have been
15  assigned randomly to preside over it.  So I will be your
16  judge, absent extraordinary circumstances, from here on out.
17          Today's proceeding is an arraignment, which is the
18  proceeding in which we accept your plea to the charges
19  against you.  Before we do that, I will need to ask you a
20  few questions.  It's nothing personal.  I just need to
21  satisfy myself that you all are competent to enter a plea
22  this morning and that you understand the nature of the
23  charges and the proceeding that we're undertaking this
24  afternoon.
25          So before we do that, if you can both raise your

```
 1    hand, the courtroom deputy will place you under oath.
 2              (Defendants sworn)
 3              THE COURT:  All right.  So let's just keep that
 4    order.  Mr. Robertson is listed first, so why don't you
 5    respond to the Court's questions first, and then we'll
 6    follow with Mr. Fracker.
 7              Mr. Robertson, have you been furnished the charges
 8    against you?  Have you read the indictment?
 9              DEFENDANT ROBERTSON:  Yes, sir, I have.
10              THE COURT:  And have you been able to review it
11    with your lawyer, Mr. Rollins?
12              DEFENDANT ROBERTSON:  I have.
13              THE COURT:  All right.  Mr. Rollins, does your
14    client waive formal reading of the indictment?
15              MR. ROLLINS:  We do, Your Honor.
16              THE COURT:  All right.  Mr. Robertson, state your
17    full name, please.
18              DEFENDANT ROBERTSON:  Thomas Jarrett Robertson.
19              THE COURT:  And how old are you, sir?
20              DEFENDANT ROBERTSON:  I'm 47.
21              THE COURT:  And how far did you go in school?
22              DEFENDANT ROBERTSON:  I'm a college graduate,
23    four-year.
24              THE COURT:  Okay.  Where did you go to college?
25              DEFENDANT ROBERTSON:  Virginia Tech.
```

1           THE COURT:  All right.  So you're a Hokie, huh?
2           DEFENDANT ROBERTSON:  Yes, sir.  Yes, sir, I am.
3   I don't identify with them as strongly as some people do,
4   but I am.
5           THE COURT:  Got it.  And where are you employed,
6   sir?
7           DEFENDANT ROBERTSON:  I am no longer employed.  I
8   was employed with the Town of Rocky Mount Police Department.
9   As a result of these charges, I've been terminated.
10          THE COURT:  All right.  Have you taken any drugs
11  or alcohol in the last 24 hours that would impair your
12  ability to understand what's going on this afternoon?
13          DEFENDANT ROBERTSON:  No, sir, I have not.
14          THE COURT:  Same question with respect to any
15  medications, either prescription or over-the-counter?
16          DEFENDANT ROBERTSON:  No, sir.
17          THE COURT:  And you're obviously here, virtually
18  at least, with Mr. Rollins.  Have you been satisfied with
19  his services thus far in the case?
20          DEFENDANT ROBERTSON:  Yes, sir, 100 percent.
21          THE COURT:  Okay.
22          Counsel, any competency issues?
23          MR. ROLLINS:  No, Your Honor.
24          THE COURT:  Mr. Rollins, would you like to enter a
25  plea for your client?

1     MR. ROLLINS: Yes, and at this time we'll enter a
2  plea of not guilty to these charges.
3     THE COURT: Very well.
4     All right. Mr. Fracker, you're up. Same
5  questions.
6     Have you been furnished with a copy of the
7  indictment in this case?
8     DEFENDANT FRACKER: Yes, sir.
9     THE COURT: And have you had a chance to review it
10 with Mr. Crane?
11    DEFENDANT FRACKER: Yes, sir, we have.
12    THE COURT: And can you state your full name for
13 the record.
14    DEFENDANT FRACKER: Jacob Malone Fracker.
15    THE COURT: And how old are you, sir?
16    (Pause)
17    THE COURT: I'm sorry, we didn't pick that up.
18    DEFENDANT FRACKER: I'm 29 years old, sir.
19    THE COURT: Okay. And how far did you go in
20 school?
21    DEFENDANT FRACKER: I have some college.
22    THE COURT: Okay. And were you employed at the
23 same police department as Mr. Robertson?
24    DEFENDANT FRACKER: Yes, sir, I was.
25    THE COURT: Okay. Same questions. Any drugs,

1   alcohol, medications, either prescription or over-the-
2   counter, that would impair your ability to understand what's
3   going on this afternoon or concentrate during these
4   proceedings?
5               DEFENDANT FRACKER:  No, sir, not at all.
6               THE COURT:  And have you been happy with
7   Mr. Crane's services thus far in the case?
8               DEFENDANT FRACKER:  Yes, sir, absolutely.
9               THE COURT:  Counsel, any competency issues?
10              MR. CRANE:  (No verbal response)
11              THE COURT:  Okay.  Hearing none, Mr. Crane, would
12  you like to enter a plea for your client?
13              All right.  We just lost Mr. Crane, so why don't
14  we wait momentarily until we can reestablish our connection
15  with him.
16              (Pause)
17              THE COURT:  Okay.  We're working on it, folks.
18  Just bear with us.
19              (Pause)
20              MR. CRANE:  Your Honor, I apologize.  I don't know
21  what happened.  My computer just died.
22              THE COURT:  Okay.  Well, we got you back by phone
23  at least.  We were just at the point of -- I inquired of
24  counsel whether there were any competency concerns regarding
25  Mr. Fracker.

1           MR. CRANE:  No, Your Honor.
2           THE COURT:  Okay.  And do you wish to enter a plea
3   on behalf of Mr. Fracker?
4           MR. CRANE:  Yes.  On behalf of Mr. Fracker, we
5   waive formal reading of the indictment, enter a plea of not
6   guilty as to each independent charge, and demand a speedy --
7   we would request a speedy jury trial.
8           THE COURT:  All right.
9           Okay.  From the government, where do things stand?
10          MS. BERKOWER:  Good afternoon, Your Honor.  I
11  think the government has received requests from the defense
12  to get discovery in this case, and we responded by sending
13  them a proposed protective order to be able to provide that
14  discovery.  I think we received word back from them that
15  they have some objections to that, and so we anticipate
16  filing a motion for that protective order, and then they can
17  respond with their concerns.
18          THE COURT:  Okay.  Mr. Rollins, do you want to
19  summarize the issues with the protective order for me?
20          MR. ROLLINS:  Yes.  So there were just two issues
21  for us.  One was they wanted to restrict any footage that
22  was taken at the Capitol, and without more precise language
23  of actually what they're -- why they're making that request,
24  we weren't -- I'm just not going to give them a blanket
25  request.

1              They basically just proposed this but didn't tell
2     us what the information is that they're trying to protect.
3     So we needed more information about what they're trying to
4     restrict in terms of the footage from the Capitol Hill -- on
5     the Capitol video footage.
6              And then the second was just the body-worn camera
7     footage.  Again, the same objection, that we need a more
8     specific or particularized issue that they're trying to
9     protect.  They've just kind of given us a blanket all-body-
10    worn camera footage.  We don't believe it's sufficient, and
11    pursuant to Rule 16 I don't think they can just kind of
12    blanketly put those things in there.
13             In terms of the --
14             THE COURT:  I'm sorry, just let me back up.  Have
15    you requested, you know, every stitch of footage, either
16    body-worn or surveillance, that -- even if it does not
17    involve your client?
18             MR. ROLLINS:  So no, we just basically said body-
19    worn camera footage or video footage relating to that
20    incident, to that day.  So maybe that does kind of
21    generally -- it is a broad request, yes.  It is a broad
22    request on our part.
23             THE COURT:  Okay.  Ms. Berkower.
24             MS. BERKOWER:  Yes, Your Honor.  And I should
25    clarify what I said a moment earlier, which is we did

1    provide very limited discovery, but we did provide some
2    discovery to the defense even prior to this hearing.
3            It's my understanding, Your Honor, that the U.S.
4    Attorney's Office is trying to work out a protective order
5    that will cover all of the different cases arising from the
6    incident at the Capitol on January 6th, and so the proposed
7    order that we sent to defense counsel and that we'd like to
8    file with the Court is an order that we expect to enter in a
9    lot of these cases, and I think if the defense in this case
10   has particularized objections to that, that's something we
11   would prefer to just litigate in writing so that we can have
12   a unified response throughout the office.
13           And with regard to Mr. Rollins's concern about
14   requesting all of the video footage throughout the day, I
15   think that's something of course we're willing to work with
16   him on, to target any particular footage that he may be
17   interested in just in terms of being able to build his own
18   defense.  I know he's not required to do that, of course,
19   but that's something, of course, we're willing to work with
20   him on.
21           THE COURT:  Okay.  Obviously the scope of the
22   protective order relates to, you know, all of these Capitol
23   cases, and so I would ordinarily tell you just to get
24   together and work it out on your own, but I understand the
25   point that there, you know, should be some uniformity and

```
1    that it would be better to try to achieve that through
2    written briefing, if necessary.
3              So if disputes remain, just file a motion, and
4    we will resolve it one way or the other.  But let's clear
5    out the wheat from the chaff efficiently, and let's get this
6    protective order issue behind us as soon as we can so that
7    we can get the defense the discovery that they're entitled
8    to, okay?
9              MS. BERKOWER:  Yes.  Thank you, Judge.
10             THE COURT:  Okay.
11             All right.  So have you all talked about a further
12   status date?
13             MR. ROLLINS:  No, I don't think we resolved that.
14             THE COURT:  All right.  Why don't we at least set
15   a placeholder.  I'd like to try to check in at least 30, 45
16   days from now.  Can we do the week of April 27th?
17             Ms. Jenkins -- how about April 27th at 10:00 a.m.?
18   Counsel, does that work for you?
19             MR. ROLLINS:  That works for me.
20             MR. CRANE:  Give me one second.  I'm sorry, that
21   was April 22nd?
22             THE COURT:  27th, two-seven.
23             MR. CRANE:  27th.  That's fine.  At 10:00 a.m.?
24             THE COURT:  Yes, sir.
25             MS. BERKOWER:  That's fine with the government,
```

1    Your Honor.
2            THE COURT:  Okay.  And Mr. Crane, did I hear you
3    to object to a speedy trial waiver?
4            MR. CRANE:  Your Honor, I made a -- I renewed
5    Mr. Fracker's speedy trial request; however, I did not -- I
6    do not object to the waiver that we had initially made.
7            THE COURT:  Okay.  And have you spoken to
8    Mr. Fracker about that?
9            MR. CRANE:  I have.
10           THE COURT:  Okay.  And, Mr. Rollins, same
11   question?
12           MR. ROLLINS:  Yes.  I don't have an objection
13   right now.  Since they're on personal recognizance, I don't
14   mind tolling.
15           THE COURT:  Okay.  The Court will set a further
16   status conference in this matter for April the 27th at 10:00
17   a.m., and hearing no objection from the defense, the Court
18   will exclude the time between now and then from the
19   otherwise applicable speedy trial calculations in the
20   interest of justice to enable the defense to receive and
21   review the discovery that it is entitled to and that is
22   forthcoming once we resolve this protective order issue.
23           Gentlemen, you're obviously released on your own
24   recognizance pending trial under certain conditions.
25   Pretrial services will provide me a report in the event that

1  any of those conditions are violated.  Needless to say, I
2  would like to avoid being in the position of having to
3  determine whether any violations of your conditions require
4  your detention, so please don't put me in that position and
5  don't put yourselves in that position and continue to comply
6  with your conditions, okay?
7          MR. CRANE:  Excuse me, Your Honor.  I have an
8  issue that I wanted to bring up on that one concern with
9  regard to Mr. Fracker.
10         MR. ROLLINS:  I think it's the same issue with
11 Mr. Robertson as well.
12         MR. CRANE:  In the initial order, it was checked
13 not to get a firearm or other weapon.  Mr. Fracker, as you
14 know, is an ex-police officer -- up until just a few days
15 ago was a police officer in the community that he lives in
16 in Rocky Mount.  He's made many, many arrests of violent and
17 dangerous people over his career there.  He needs his
18 firearms for personal protection.  It's not really fair to
19 have this man working to protect the safety of his
20 community, having small children and his family at risk now
21 from people who can check into this record and see the
22 conditions and see that he is -- he's completely
23 unprotected.
24         THE COURT:  Ms. Berkower?
25         MS. BERKOWER:  Your Honor, I think the government

1    thinks that the conditions imposed on the defendant at the
2    time of his release were fully appropriate given the
3    seriousness of the charges and some of the evidence in the
4    case in which -- and I know the -- I think both defendants
5    plan to assert this request, but both of them discussed acts
6    of violence in connection with this, including acts of
7    future violence, and so in the government's view the
8    condition that they don't have firearms pending trial, as is
9    the case in pretty much every felony case that's charged
10   before the Court where such a condition would be imposed,
11   that that is completely appropriate and should remain
12   intact, and we would oppose any modification to that.
13              I know that Mr. Crane mentioned sort of general
14   references about concerns for his client's safety, but I
15   didn't hear in that any specific threat that's been
16   identified at this time, and I think, if that changes,
17   that's something he could revisit.  But just a generalized
18   concern is something that we don't think would overcome the
19   need for that condition here.
20              MR. CRANE:  Your Honor, I'd like to be heard on
21   that.
22              THE COURT:  Well, let me cut this short.  I will
23   reserve on that question.  I have not examined the evidence
24   supporting the complaint and the statements that the
25   government has referred to, and I am disinclined to grant

1   the motion, but I will entertain a written motion to modify
2   the conditions based on the arguments that you've made
3   today.
4          And, Ms. Berkower, if you want to respond to that
5   and point out the evidence that you referred to in court
6   today, I will certainly review that and make a decision.
7          So let's reserve that, but I'm happy to entertain
8   a written motion by either defendant, okay?
9          MR. CRANE:  Your Honor, I'd prefer to make that
10  under seal, if the Court doesn't have a problem with that.
11         THE COURT:  That's fine.  As long as you have a
12  legitimate basis for putting it under seal, and I assume
13  that that is -- that would relate to specific threats of the
14  nature that you've described generally.  But just make sure
15  that there's a colorable basis for a sealed filing.
16         Obviously, you know, the public has a general
17  interest in these matters and is entitled to know, you know,
18  what's being filed in the proceedings.  But provided it
19  meets at least a colorable threshold for sealing, the Court
20  will allow a sealed filing.
21         MR. CRANE:  The only issues that I would have in
22  there that I would have a problem with would be issues
23  concerning the specific people that he's arrested, their
24  propensity towards violence, their proximity to his
25  residence, and things of that nature.

```
 1              THE COURT:  That's fine.  You can file a redacted
 2   version on the public docket and then seek leave to file the
 3   unredacted version under seal.  Is that fair?
 4              MR. CRANE:  Very well.
 5              THE COURT:  Okay.
 6              All right.  Counsel, anything else?
 7              MS. BERKOWER:  Not from the government, Your
 8   Honor.
 9              MR. ROLLINS:  Not from the defense, Your Honor.
10              THE COURT:  Okay.  We will stand in recess, and
11   we'll see you on April 27th.  Provided the defendants waive
12   their appearance, let's plan to appear by Zoom.
13              And, Mr. Crane, why don't you test out your system
14   between now and then and make sure that you can join us on
15   the video, okay?
16              MR. CRANE:  I will.  I apologize, Your Honor.
17              THE COURT:  No worries.
18              All right.  We'll stand in recess.  Have a good
19   day.
20                    (Whereupon the hearing was
21                      concluded at 1:58 p.m.)
22
23
24
25
```

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

**NOTE:** This hearing was held during the COVID-19 pandemic stay-at-home restrictions and is subject to the technological limitations of court reporting remotely.

Dated this 24th day of June, 2021.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001