## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Crim. No. 1:21-cr-00034-CRC** |
| | : | |
| **THOMAS ROBERTSON** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## UNITED STATES' MOTION TO REVOKE RELEASE ORDER

The United States of America, by and through its undersigned attorneys, respectfully moves the Court pursuant to 18 U.S.C. § 3148(b) to issue a warrant for the arrest of defendant Thomas Robertson for substantial violations of the terms of his pre-trial release, and to revoke his pre-trial release order and detain him pending trial.  On June 29, 2021, following a lawfully authorized search of the defendant's residence, law enforcement discovered that the defendant violated his release conditions by possessing a loaded M4 rifle and a partially-assembled pipe bomb at his home, and by purchasing an arsenal of 34 firearms online and transporting them in interstate commerce while under felony indictment, in violation of 18 U.S.C. § 922(n).  Because the defendant has shown utter disregard for the Court's orders prohibiting his possession of firearms and other weapons during the time he has been on pre-trial release, and because he has further flouted his release conditions through repeated violations of the federal firearms laws, the defendant presents a danger to the community that no release conditions will adequately mitigate. The Court should issue a warrant for the defendant's arrest and detain him pending trial.

### I.   The Defendant's Arrest, Charges and Release Conditions

The defendant, a former police officer in Rocky Mount, Virginia, is charged with crimes arising from his involvement in the riot at the U.S. Capitol on January 6, 2021.  On January 6,

2021, the defendant participated in the insurrection, and was photographed in the Capitol Building making an obscene gesture in front of a statute of John Stark.

Shortly after, in social media posts, the defendant was quoted as saying, "CNN and the Left are just mad because we actually attacked the government who is the problem and not some random small business ... The right IN ONE DAY took the f***** U.S. Capitol. Keep poking us." He also stated that he was "proud" of the photo in an Instagram Post that was shared to Facebook, because he was "willing to put skin in the game."  On January 8, 2021, Robertson commented on a Facebook post "Well.....Fuck you. Being nice,polite,writing letters and sending emails hasn't worked...All thats left is violence and YOU and your 'Friends on the other side of the isle' have pushed Americans into that corner. The picture of Senators cowering on the floor with genuine fear on their faces is the most American thing I have seen in my life. Once....for real....you people ACTUALLY realized who you work for." Also on January 8, Robertson commented on Facebook, "Peace is done. Now is the time for all the braggart 'Patriots' to buckle armor or shut the fuck up. Facebook warriors time is done. The next revolution started 1/6/21 in case you 'Im ready' and 'standing by" guys missed it." Again on January 8, Robertson commented in part "The next revolution started in DC 1/6/21. The only voice these people will now listen to is VIOLENCE. So,respectfully. Buckle armor or just stay at home."

On January 12, 2021, a Magistrate Judge in the District of Columbia issued an arrest warrant for Robertson for violations of 18 U.S.C. § 1752 and 50 U.S.C. § 5104.  The defendant was taken into custody on January 13, 2021, in the Western District of Virginia, and released subject to certain conditions, consistent with 18 U.S.C. § 3142, including that he not violate any federal, state, or local law while on release, and that he refrain from possessing a firearm, destructive device, or other dangerous weapon.

At the same hearing, Robertson was also ordered to relocate any firearms in his home by January 15, 2021.   Nevertheless, four days later, while executing a search warrant at the defendant's house in connection with the Capitol riots charges,[1] law enforcement discovered and seized eight firearms from the home, including the following:

      a.   Glock 17, Serial Number ending in 064
      b.   Glock 21, Serial Number ending in 985, with attached Streamlight TLR-1
      c.   Glock 19, Serial Number ending in 260 along with a Galco leather holster K109L
      d.   Smith and Wesson, Serial Number ending in 106
      e.   Daniel Defense, Serial Number ending in 55D, with LaRue Tactical optic and Surefire light
      f.   Radical Firearms, Serial Number ending in 711
      g.   Springfield Armory 1903, Serial Number ending in 427
      h.   Hawken Rifle, Serial Number ending in 639

In addition, during the execution of the search warrant, law enforcement officers searched an out-building located on the property.  Inside, officers noted large amounts of ammunition, as well as what appeared to be equipment used for re-loading ammunition.  It is unknown when this ammunition/re-loading equipment was shipped, transported, or received.  A photograph of the out-building from the search warrant is below.

---

[1] This search warrant was issued pursuant to Fed. R. Crim P. 41 by a magistrate judge in the Western District of Virginia in case number 7:21-mj-9.



On January 19, 2021, Robertson appeared before Magistrate Judge G. Michael Harvey in the District of Columbia and was again ordered not to possess a firearm, destructive device, or other weapon, and not to commit any new violation of federal, state, or local law as conditions of his pre-trial release.  Judge Harvey set a status date for the ascertainment of counsel for February 2, 2021.

On January 29, 2021, a grand jury in the District of Columbia charged Robertson with violations of 18 U.S.C. §§ 1512, 2 (Obstruction of an Official Proceeding, and Aiding and Abetting), 1752(a)(1) (Entering and Remaining in a Restricted Building), 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building), and 40 U.S.C. § 5104 (Violent Entry and Disorderly Conduct in a Capitol Building or Grounds).  Prior to this time, the pending charges against Robertson were misdemeanors; however, the Indictment added a felony violation of 18 U.S.C. § 1512 against the defendant.

On February 2, 2021, Robertson appeared before Magistrate Judge Robin M. Meriweather in the District of Columbia for a hearing on the ascertainment of counsel and arraignment. Robertson appeared at the hearing with his current counsel and entered a plea of not guilty.

On February 25, 2021, the defendant was arraigned for a second time on the charges in the Indictment before the Court.  The defendant acknowledged having read the Indictment, as well as having reviewed it with his attorney, before pleading not guilty to the charges.  The defendant also orally moved to modify his conditions of release to allow for his possession of firearms,[2] and the Court reserved its ruling on the motion.  Through the present date, the defendant's conditions of release remain unchanged: he may not possess a firearm, destructive device, or other weapon, nor may he commit any violation of federal, state, or local law.

## II. Evidence of The Defendant's Possession of Firearms and a Destructive Device in Violation of his Pre-trial Release Conditions and 18 U.S.C. § 922(n)

### A.  Robertson's Yahoo, Gunbroker.com, and Venmo Accounts

While Robertson was on pre-trial release, and shortly after his indictment on January 29, 2021, and arraignment on February 2, 2021, the Federal Bureau of Investigation (FBI) began to find evidence indicating that Robertson was buying firearms and ammunition online and shipping these items in interstate commerce, in violation of 18 U.S.C. § 922(n), which makes it a crime for anyone under felony indictment to ship, transport, or receive firearms or ammunition in interstate or foreign commerce.  This evidence was first identified through the FBI's ongoing investigation into the defendant's involvement in the Capitol riot.  On February 17, 2021, a Magistrate Judge in the District of Columbia issued a search warrant for Robertson's Yahoo email account,

---

[2] The defendant's co-defendant orally made the motion and argued it, which Robertson orally joined.

xxxxxxxxxxxxx@yahoo.com, in case number 21-sc-552, to search for evidence relating to the pending Capitol riots charges against the defendant.  In the course of reviewing the information disclosed in response to the warrant, however, the FBI also found evidence that Robertson was involved in the purchase, sale, and possession of firearms and ammunition.

After obtaining a second warrant following a finding a probable cause to search the Yahoo account for evidence of potential violations of 18 U.S.C. § 922(n), the FBI found the following emails memorializing online firearms transactions by Robertson:[3]

- On February 13, 2021, the xxxxxxxxxxxxx@yahoo.com account received an email that was "Generated from: ar15.com"; the email requested that the recipient reply to xxxxxxxxxxxxx@gmail.com[4] and stated "Hey Tom…I sold you the M855A1… if you're interested, or know anyone that is, I have more M85561 available as well as M80A1." M855A1 and M80A1 are designations for ammunition used in semi-automatic and automatic weapons.

- On February 13, 2021, the xxxxxxxxxxxxx@yahoo.com account replied to xxxxxxxxxxxxx@gmail.com saying "I absolutely am interested. Price and quantity?" On the same day, xxxxxxxxxxxxx@gmail.com replied, in part "I have 1000 rounds on stripper clips of M855A1 $1800 shipped insured. I have 2000 rounds loose (delinked) M80A1 $10k shipped or 1000 rounds $5k shipped insured."

- On February 14, 2021, the xxxxxxxxxxxxx@yahoo.com account replied to xxxxxxxxxxxxx@gmail.com, stating that he would take the "855a1" and that he "can do venmo, zelle, or MO."  A follow-up message from the xxxxxxxxxxxxx@yahoo.com account noted that paypal "suspended [his] account because someone felt the need to put gun stuff in an email…"

- In additional messages, the xxxxxxxxxxxxx@yahoo.com account agreed to pay $3,600 for 2000 rounds of "855A1" and provided the name "TJ Robertson" and the defendant's

---

[3] The warrant was issued by Magistrate Judge Harvey in case number 21-SC-1236.

[4] The website ar15.com has multiple discussion forums, to include forums pertaining to AR15s and handguns, as well as at least one sub-forum dedicated to ammunition.  Your affiant believes that the user of timthomaslee@gmail.com sent a message to Robertson on ar15.com, and that the settings on ar15.com caused the message to either be forwarded/send an alert to the subject account.  Following this alert, your affiant believes timthomaslee@gmail.com and Robertson began corresponding through email as opposed to through ar15.com itself.

home address in Ferrum, Virginia.   The seller then confirmed they received this payment.

- According to records received from Venmo, Robertson paid $3600 to the person using the email account xxxxxxxxxxxx@gmail.com on February 14, 2021.   The notes associated with the transaction indicate that the payment was for "Wedding Photos." On the same day, the xxxxxxxxxxxxx@yahoo.com account sent an email to xxxxxxxxxxxx@gmail.com saying "Venmo sent"; the message included a screenshot of Venmo that stated, in part, "You paid [T.L.]."[56]   The screenshot also showed "-3600," indicating that the payment was sent by Robertson, and that the payment was for "Wedding Photos."

- On February 15, 2021, the xxxxxxxxxx@yahoo.com account received an email from iShip_Services@iship.com.   The email stated, in part, "A carrier shipping label has been generated for the shipment to TJ Robertson and is at UPS CC EAGAN MN awaiting carrier pickup. It will be picked up by UPS from UPS CC EAGAN MN on Monday, February 15, 2021."   The recipient was listed as TJ Robertson in Ferrum, VA, and the sender was listed as [T.L.] in Eden Prairie, MN.   The package weighed 60 pounds, and the expected delivery date was listed as February 18, 2021.

- On February 14, 2021, "Julieann & TJ Robertson," from the xxxxxxxxxxxxx@yahoo.com account, received an email from D.R. at xxxxxxxxxx@gmail.com with the subject line "Re: M4" in which D.R. stated, "haven't been able to get it shipped yet […] I'm not going to leave something like that on my porch for a pick-up. I have an appointment this week with the FFL[7] I use and he will ship it for me."   "Julieann & TJ Robertson" replied from xxxxxxxxxxxxx@yahoo.com account, writing that there was "Literally no hurry…seriously, Just looking for an update. No problem with me."   An "M4" is a type of rifle used by the U.S. military.

- On January 18, 2021, xxxxxxxxxxxx@yahoo.com sent an email to D.R. stating "Please find attached."   Attached to the email was a PDF with what appeared to be a scanned copy of a Federal Firearms License (FFL); the designated licensee was Tactical Operations, Inc., 1346 Blue Ridge Boulevard, Roanoke, VA 24012.

---

[5] Based on the context, and the fact that Robertson was not recently married, law enforcement believes the reference to Wedding Photos to be an effort to conceal the true nature of the purchase, given that PayPal had suspended Robertson's account for references to guns.

[6] The name of "T.L.," whom Robertson paid for this transaction, matches the name in the email address of the gmail account.

[7] Based on my training and experience, I am aware that "FFL" is a likely reference to a "Federal Firearms License", a license that, in part, allows for a business or company to engage in the interstate or intrastate sale of firearm.

- Separately, on February 2, 2021, xxxxxxxxxxx@yahoo.com sent an email to K.S., at xxxxxxxxxxxxxx@sbcglobal.net, saying "please find attached." Attached to the email was a PDF with what appeared to be a scanned copy of a Federal Firearms License; the designated licensee was Tactical Operations, Inc., 1346 Blue Ridge Boulevard, Roanoke, VA 24012.

After reviewing these emails in Robertson's Yahoo account, the FBI also obtained records from the website Gunbroker.com.[8]   These records showed that Robertson ordered multiple weapons from the website after he was indicted on the felony violation of 18 U.S.C. § 1512.  These orders include, but are not limited to, the following:

- On May 16, 2021, Robertson ordered a "1955 Springfield  Arms M1 GARAND Korea US ARMY rifle 1903 H&R" for $1,950; this item is required to be shipped to an FFL. According to GunBroker.com records, this item was shipped from Snellville, Georgia. No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On May 13, 2021, Robertson ordered a "WWI US Eddystone Model 1917 .30-06 Rifle 1918mfg" for $844; this item is required to be shipped to an FFL.  According to GunBroker.com records, this item was shipped from Hopedale, Massachusetts.  No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On May 4, 2021, Robertson ordered a "Finnish Mosin Nagant 7.62x54R Finland" for $800; this item was shipped to "Thomas Robertson" at his home address in Ferrum, VA from Highland, California.[9]

- On May 3, 2021, Robertson ordered a "Finnish M39 Mosin Nagant 7.62x54R Finland M39 1944" for $845; this item was shipped to "Thomas Robertson" at his home address in Ferrum, VA from Highland, California.

- On April 30, 2021, Robertson ordered a "Bandolier of US Spec AYR Armor Piercing Ammunition – 48 Rounds 30 06" for $145; this item was shipped to "Thomas Robertson" at his home address in Ferrum, VA from Huntsville, Alabama.

---

[8] According to its own website, Gunbroker.com claims to be the "world's largest online auction site for firearms and hunting/shooting accessories. The GunBroker.com website provides an informative, safe and secure way to buy and sell firearms, ammunition, hunting gear, shooting accessories, vehicles, collectibles, and much more online."

[9] Law enforcement is investigating whether the firearms that were shipped to Robertson's home were then transferred to the FFL.

- On April 29, 2021, Robertson ordered a "WWII MILITARY ROCKOLA M1 CARBINE SEMI AUTO RIFLE 30US" for $1,075; this item is required to be shipped to an FFL.  According to GunBroker.com records, this item was shipped from Whitefield, Maine.  No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On April 29, 2021, Robertson ordered ".30 06 AP Armor Piercing AYR spam can 192 rds on Garand clips in bandos" for $500; this item was shipped to "Thomas Robertson" at his home address in, Ferrum, VA from Newfane, Vermont.

- On April 28, 2021, Robertson ordered "M61 Armor Piercing Projectiles 7.62x51 .308 Win 400 count" for $155; this item was shipped to "Thomas Robertson" at his home address in Ferrum, VA from Tucson, Arizona.

- On April 27, 2021, Robertson ordered a "Springfield Armory M1 Garand" for $1,350; this item is required to be shipped to an FFL.  According to GunBroker.com records, this item was shipped from Columbus, Georgia. No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On April 25, 2021, Robertson ordered a "M1 Garand Receiver" for $250; this item is required to be shipped to an FFL.  According to GunBroker.com records, this item was shipped from Dalton, Ohio. No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On April 21, 2021, Robertson ordered a "US International Harvestor M1 Garand" for $1,550; this item is required to be shipped to an FFL.  According to GunBroker.com records, this item was shipped from Vero Beach, Florida. No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On April 19, 2021, Robertson ordered a "CMP M1 Garand Unissued" for $1,500; this item is required to be shipped to an FFL.  According to GunBroker.com records, this item was shipped from Conyers, Georgia. No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On April 13, 2021, Robertson ordered a "INLAND GENERAL MOTORS U.S. MILITARY M1 CARBINE 30US SEMI-AUTO RIFLE" for $995; this item is required to be shipped to an FFL.  According to GunBroker.com records, this item was shipped from Whitefield, Maine.  No "Ship To" address or name was included in the records, though Virginia was listed as the "Ship To State."

- On April 12, 2021, Robertson ordered "Armor Piercing Ap / Black Tip 192 Round Sealed Spam Can" for $530; this item was shipped to "Thomas Robertson" at his home address in Ferrum, VA from McKinney, Texas.

**B.  The Search of Defendant Robertson's Home on June 29, 2021**

Based on the digital evidence described above, on June 28, 2021, the FBI obtained a second search warrant for Robertson's home in Ferrum, Virginia,[10] for the purpose of searching for violations of 18 U.S.C. § 922(n).  In connection with this search, the FBI not only found evidence that Robertson had amassed an arsenal of 34 firearms through a local FFL in Roanoke, but agents also found a loaded M4 rifle, ammunition, and a partially assembled pipe bomb in Robertson's home.  Robertson also made a spontaneous, inculpatory statement to agents during the search, as set forth below.

When the agents searched Robertson's house, the FBI found an M4 rifle on the bed in Robertson's bedroom, with a magazine and round inside the firearm.  It is a Model ST-15, with the serial number XTP-00680. Agents also seized several span cans of ammunition and two boxes of 7.62 ammunition at the home; FBI is still assessing whether this is the same ammunition purchased by Robertson since the time of his indictment.

The agents also found what appears to be a partially assembled pipe bomb in an out-building on Robertson's property.  As noted above, agents had previously searched the out-building, which contains an ammunition re-loading station, back in January.  This time, agents found a box labeled with a blue piece of table that included the words "Booby Trap."  Inside the box, agents found a metal pipe with two ends caps, with a fuse inserted into a hole that had been drilled into the device; epoxy had been used around the sides of the fuse to secure it.  Although this device did not contain explosive powder, such powder was found nearby in the out-building's reloading station.  Photographs of the device, and its container are below:

---

[10] The warrant was issued pursuant to Fed. R. Crim P. 41 following a probable cause finding by a magistrate in the Western District of Virginia, case number 7:21-mj-83.





Robertson was not at home at the time of the search; instead, agents served the search warrant on him at a different location. After serving the warrant, the agents told Robertson he was free to leave. Robertson responded that he wanted to make a statement of his own accord. The agents interrupted him, noting that he was represented by counsel in the Capitol riots case. Robertson then stated that if this search warrant related to him buying guns, he had bought them online and hadn't even picked them up yet.

As part of the June 29, 2021 investigative operation, agents also conducted a voluntary interview with the owner of Tactical Operations, Inc., the Federal Firearms License (FFL) owner

in Roanoke, VA that was identified by Robertson in several of his Yahoo email exchanges about firearms purchases.  The FFL owner stated that Robertson currently has 34 firearms waiting for him at the FFL for pickup.  Robertson had told the FFL owner that he cannot have the guns because of his current bond conditions.  The FFL owner stated that Robertson had been in his store to handle several of these guns as recently as one week ago.

## III. Argument in Support of Pre-trial Detention

Defendant Robertson's extensive and flagrant violations of the terms of his release order, including numerous violations of the federal firearms laws, strongly support revocation of his pretrial release in this case.  This conduct, coupled with his calls for future violence, shows that no condition or combination of conditions can adequately protect the public from the defendant, and warrants immediate action by the court through the issuance of an arrest warrant.

### A. Relevant Legal Standards

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release."  Upon the government's motion to revoke a release order, such as the instant motion, "[a] judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release."  18 U.S.C. § 3148(b).  Once before the Court,

> [t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer – (1) finds that there is – A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> 2) finds that (A) based on the factors set forth in section 3142(g) . . . , there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release." *Id*.

Accordingly, this Court, should consider the factors in 18 U.S.C. § 3142(g) when evaluating

whether to detain the defendant.

Significantly, "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." *Id*. (emphasis added).  Here, this rebuttal presumption should be triggered by the defendant's violation of 18 U.S.C. § 922(n) while on pretrial release, detailed above.  Moreover, a magistrate judge in the Western District of Virginia found probable cause that the defendant had violated 18 U.S.C. § 922(n) when the warrant was issued to search the defendant's house a second time.

### B.  Discussion

The defendant should be detained pending trial because he has committed serious violations of his release conditions that put the public at risk.  As discussed above, there is probable cause to believe that the Defendant violated 18 U.S.C. § 922(n) while on pre-trial release, and clear and convincing evidence that he violated the conditions of his pre-trial release.  Accordingly, this Court should consider the factors set forth in 18 U.S.C. § 3142(g) to evaluate whether, based on these factors, there is no condition or combination of conditions that will assure that he will not pose a safety to the community.  The factors are (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g).  Each of these factors support detention.  In the alternative, as the defendant's conduct has shown, he should be detained because he is unlikely to abide by any condition or combination or conditions of release.

First, the particular facts of this case – the nature and circumstances of the offense charged

– are uniquely disturbing.  The defendant, holding a position of public trust as a police officer, traveled to the District of Columbia and participated in one of the most riotous acts of insurrection the nation has ever seen.  Then, he repeatedly and flagrantly disregarded the Court's orders not to possess firearms despite being admonished for violating this condition of his release shortly after his initial arrest.

Second, the weight of the evidence against the defendant is overwhelming, including photographs and videos of him participating in the insurrection at the Capitol, coupled with the voluminous evidence that he violated 18 U.S.C. § 922(n) by buying and selling firearms.  This factor strongly favors detention.

Third, the history and characteristics of the defendant demonstrate a flagrant disregard for the rule of law that implicates the fourth factor – the seriousness of the defendant's threat to the safety of the community.  Robertson's Facebook posts in the aftermath of January 6, 2021, are illustrative of a sincere commitment to violence and Robertson's own statements on June 29, 2021, to law enforcement suggest that he knew that it was improper to have a firearm, but did so anyways.  In addition, the FBI also recently obtained additional evidence showing Robertson's dangerousness to the community and disregard for the rule of law.  On June 10, 2021, Robertson posted several messages to a forum on Gunbroker.com, including one in which he posted a screenshot of a Department of Justice website that documented the charges and other basic information about all of the pending Capitol riots cases.  The screenshot Robertson posted showed the caption of his pending case and a list of the charges against him.  Another user of the website posted the question, "Are they proud too?"  Robertson responded, "I sure as fuck am."  Robertson then posted the following message:

> I've said before.  They are trying to teach us a lesson.  They have.  But its definitely not the intended lesson.  I have learned that if you peacefully protest than you will be arrested,

fired, be put on a no fly list, have your name smeared and address released by the FBI so every loon in the US can send you hate mail.

I have learned very well that if you dip your toe into the Rubicon. . . . cross it.  Cross it hard and violent and play for all the marbles.

The defendant's possession of an explosive device and firearms, coupled with his extreme rhetoric advocating for violence indicating no remorse illustrate that the pending charges are unlikely to serve as a deterrent to future violence.  For these reasons, the defendant should be detained.

WHEREFORE, the government respectfully requests that this Court issue an arrest warrant for defendant Robertson, pursuant to 18 U.S.C. 3148(b), for violating his pre-trial release, revoke his pre-trial release order, and detain him pending trial in this case.

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By:   /s/  Elizabeth Aloi
ELIZABETH ALOI
Assistant United States Attorney
NY Bar No. 4457651
U.S. Attorney's Office, District of Columbia
555 Fourth Street, N.W.
Washington, DC  20530
Phone: (202) 695-0610
Elizabeth.aloi@usdoj.gov

/s/  Risa Berkower
RISA BERKOWER
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office, District of Columbia
555 Fourth Street, N.W.
Washington, DC  20530
Phone: (202) 803-1576
Risa.berkower@usdoj.gov