**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

United States                                    Case Number:1:21-cr-00034-CRC

v.

Thomas Robertson

**DEFENDANT ROBERTSONS' OPPOSITION**
**TO GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER**

Defendant Thomas Robertson, by undersigned counsel, files this opposition to the United States' June 30, 2021 Motion to Revoke Release Order ("*Gov. Motion*"). No information acquired by the Government since February 25, 2021, suddenly supports detaining Mr. Robertson now.

**BACKGROUND AND FACTS RELEVANT TO ROBERTSON' OPPOSITION**

Mr. Robertson resides in Ferrum, Virginia, and has resided there most of his adult life except when serving our Country.  Mr. Robertson is a veteran, former police officer, and Level II instructor for Advanced Law Enforcement Rapid Respond ("ALERRT")[1]. Mr. Robertson served in the United States Army from 1991 to 1994 in the Airborne Infantry Division.  While in that Division, he became a Ranger and Sniper school graduate.   After leaving the military, he decided he wanted to become a police officer.  In 1994 he graduated from the police academy and worked as a police officer at

---

[1] ALERRT is a national  program that  helps train officers in responding to emergency with active shooter etc. It was developed by Texas State University and the US Department of Justice has accepted it as a legitimate law enforcement training organization in the United States.

the Vinton Police Department.  In 2001 he rejoined the United States Army in the

Reserves, where he was retrained as a Calvary Scout and Military Police Officer.  He

was deployed to Iraq in 2008, where he conducted IED and Sniper training for the Iraqi

Army.   In 2011 he helped train the Afghan National Security Forces.  On September 25,

2011, he was wounded severely by gunshot and mortar shrapnel in combat operations

in Charkh District, Logar Province, Afghanistan.  After ten surgeries, he returned to

Rocky Mount Police Department, where he became a Sergeant.  While at the Rocky

Mount Police Department, he has received numerous awards, including a medal of

valor in 2017.

On January 19, 2021, law enforcement executed a warrant and recovered firearms

and other items at his home in Rocky Mount, Virginia.   On February 25, 2021,

Defendant appeared before this Court. This Court went over his release conditions set

on January 19, 2021, that ordered Mr. Robertson not to possess a firearm, destructive

device, or other weapons.

I.      **Mr. Robertson Did Not Possess Any Firearm Or Destructive Device After February 25, 2021.**

The Government states that Mr. Robertson ordered guns[2] on the internet.

Ordering guns does not equate to possession.  The Government must offer sufficient

evidence that he could exercise control over it. (See *United States v. Lewis*, 701

F.2d 972, 973 (D.C.Cir.1983).   Here, the Government does not allege that Mr.

---

[2] Although the guns do not meet the definition of antique guns pursuant to 26 U.S. Code § 5845, they are nearly all over 50 years or old.  World War II era guns.  The Finnish Mosin nagants were made in 1939. All the M1 carbine were made in 1942 or 1943.

Robertson possessed the ordered guns at his residence.  The Government's Motion (*Gov Motion Page 8 FN 9*) states that the FBI is still investigating whether the items were shipped to Robertson's home.   The Government does not allege in its motion that any of these weapons were found at his home on June 29, 2021.

## II.    The Search Of Defendant's Robertson Home On June 29, 2021, Did Not Reveal Any Firearms That Belonged To Mr. Robertson.

On June 29, 2021, Mr. Robertson was required to appear before his Pretrial Case Manager and left his home.  Mr. Robertson's son, who two days prior was honorably discharged from the U.S. Army, was at the home, and when law enforcement arrived, was retrieving ammunition to shoot later in the day.   His son heard the dogs barking, put the rifle on the bed, and approached the FBI agents.   Mr. Robertson's son, a licensed gun owner, was aware[3] that his father could not possess firearms and knew his father would be gone most of the day, June 29, 2021.  Law Enforcement began searching Mr. Robertson's home and disconnected all of his security cameras in the garage.

## III.    The Search Of Defendant's Robertson Home On June 29, 2021, Did Not Contain A Destructive Device

26 U.S.C. § 5845(f) states that the term destructive shall not include:

> any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 7684(2), 7685, or 7686 of title 10, United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

---

[3] Mr. Robertson's son is willing to submit under oath that the rifle belonged to him.

According to the Government, Agents found a partially assembled pipe bomb on the property inside a box with the words "booby trap."  However, the Government failed to state that the box had additional language on it. Specifically, the additional words "ALERRT kit, props, and booby trap sims.[4]"



Furthermore, this partially assembled pipe found inside the box is not a destructive device as this device is used to teach students (Safety) in law enforcement as part of the ALERRT class.  Mr. Robertson was a level II instructor for ALERRT.   This pipe is not active as it is a prop for training.   Furthermore, these items were present when the FBI searched his home for the first time on January 19, 2021.   On January 19, 2021, the FBI confiscated what they believed to be firearms or destructive devices but left this box with the pipe.   The gun powder was also present on January 19, 2021.

**IV.     Mr. Robertson Did Not Violate Conditions Of Release Pursuant To 18 U.S.C. 922(N) Because He Did Not "Ship Or Transport" Firearms.**

---

[4] Under information and belief the word SIMS stands for simulation.

As stated in the Government's motion, these items were "ordered" (*Gov. Motion.P. 8*) by Mr. Robertson.   Mr. Robertson did not ship or transport these items.    The Defense submits that this matter could be solved by adding the words to pretrial release conditions that "Mr. Robertson may not personally order, touch, ship or transport firearms."  The issue of whether he violates 18 U.S.C. 922(n) is separate and distinct and requires a second amendment analysis.  (See *Miller v. Sessions*, 356 F. Supp. 3d 472 (E.D. Pa. 2019)).  It is worthy to note that he has not been charged with a violation of that statute as of the filing of this responsive pleading.

### V.    Mr. Robertson Statements On Social Medial Has Nothing To Do With Violations Of Release Conditions.

The issue before the Court is whether Mr. Robertson violated conditions of release after February 25, 2021, when this Court ordered him not to possess firearms or destructive devices.   Mr. Robertson's personal opinion on social media that he believes the FBI posted his address online and thereafter sent hate mail is not relevant to the issue before the Court.    Frankly, this additional information in the Government's motion clouds the issue and dramatizing the issue before the Public.   Mr. Robertson is not a member of any organization (i.e., proud boys) as the Government tried to define him in their motion (*Gov Motion P.14*).  He is a proud veteran with a love for his Country. Reading the Government's motion, one would think that he is developing an arsenal when that is not true.   Mr. Robertson was an antique gun lover, served his Country honorably, and the guns he allegedly purchased but did not possess were antique guns from the World War II era.

Mr. Robertson was a police officer on January 6, 2021, and the following day he was fired from his job.  He is routinely sent hate mail.  He has not flagrantly disregarded the

Court's order.   In fact, according to the Government, he made statements (*Gov Motion P.1*1) to the FBI on June 29 stating he ordered but had not possessed because he believed this was in compliance with the Court's order.

The Government motion states that there are "photographs and videos of him participating in the insurrection at the Capitol." (Gov Motion P2,14).  Again this is not true.  On January 6, 2021, Mr. Robertson asks a Capitol Police Officer whether he can enter the Capitol.  He is told by a Capitol Police Officer that "he may enter…. just don't go into any restrictive areas."   He enters the Capitol for less than ten minutes and leaves.    He did not break anything or assault anyone. For nearly the same conduct, the Government has considered this activity to be misdemeanors and has accepted misdemeanor pleas from other persons[5] charged on January 6, 2021.

WHEREFORE, the Defense respectfully requests that this Court deny the Government's motion for violating his pretrial release order, and if necessary, request a hearing.

Respectfully submitted,
Rollins and Chan Law Firm


DC Bar No. 453638
By: */s/ Mark M. Rollins*
Mark Rollins
419 7th Street, NW Suite 405
Washington, DC 20004
Phone: (202) 455-5610
Mark@rollinsandchan.com

---

[5] See *United States v. Jessica Bustle: 1:21-mj-00280-RMM All Defendants*