UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States | Case Number:1:21-cr-00034-CRC |
| v. | |
| Thomas Robertson | |

## DEFENDANT ROBERTSON'S MOTION FOR RECONSIDERATION TO MODIFY BOND CONDITION TO HOME DETENTION

Defendant Thomas Robertson, by undersigned counsel, pursuant to LCrR 47, files this request for reconsideration of the Court's July 28, 2021 revocation of bond and to modify his bond to home confinement.

## BACKGROUND AND FACTS RELEVANT TO ROBERTSON'S REQUEST FOR HOME DETENTION IN LIEU OF INCARCERATION

On June 30, the Government moved to revoke Robertson's pretrial release. The Court promptly issued a warrant for Robertson's arrest, which was executed on July 7. On July 28, 2021, this Court found by probable cause that Mr. Robertson violated his pretrial release conditions by ordering guns and ammunition from other states to be shipped to the gun store in Roanoke in violation of 18 U.S.C. § 922(n).  Section 922(n) makes it a crime "for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." There is no dispute that Robertson was under indictment for a crime punishable by imprisonment for more than one year when he ordered the firearms for interstate delivery to the gun store.   Initially,

it was believed that the Government would charge Mr. Robertson with contempt and 922(n) violations. To date, Mr. Robertson has not been indicted on either charge.

Mr. Robertson has been detained for nearly three months, and this matter has taken its toll on his mental and physical health because of the level of incarceration. Last week (October 19-23), Mr. Robertson lost his father.  As the Court is aware, Mr. Robertson is a former police officer, and therefore he is segregated from the prison population.  Mr. Robertson reports that he remains in his cell for 23 hours a day.

## STATEMENT OF POINTS AND AUTHORITIES
## THE LONG PERIOD OF INCARCERATION HAS CREATED A MATERIAL CHANGE AND CIRCUMSTANCES

Neither the Federal Criminal Rules nor the Local Criminal Rules of this district explicitly provide motions for reconsideration. Courts in this district, however, have entertained motions for reconsideration of interlocutory decisions, and "'the Supreme Court has recognized. . . the utility of such motions.'" United States v. Coughlin, 821 F. Supp. 2d 8, 17 (D.D.C. 2011) (quoting United States v. Ferguson, 574 F. Supp. 2d 111, 113 (D.D.C. 2008)).  The Defense recognizes that this may court may reconsider bond under § 3142(f)(2)(B) based upon new information bearing on pretrial release.

In the case at bar, the Government has stated it will not file a superseding indictment regarding the pretrial violations[1].  However, Undersigned does not believe that issue has a bearing on pretrial release because the Court's detention of Mr. Robertson was not based on whether they would charge Mr. Robertson. Instead, the

---

1. [1] On or about September 23, 2021 the Government indicated that they probably would not file a superseding indictment in this case; however, may still file in a separate matter.

Page **2** of **4**

Undersigned request is based on the duration of pretrial detention and the detention conditions that rise to a request for bond reconsideration.

Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of Section 3142 continues to favor release over pretrial detention. See United States v. Orta, 760 F.2d 887, 890-892 (8th Cir. 1985); United States v. Miller, 625 F. Supp. 513, 516-17 (D. Kan. 1985). In Mr. Robertson's case, his continued detention without bond is not the least restrictive alternative available that will assure the community's safety and his return for future court dates. See United States v. Xulam, 84 F.3d 441 (D.C. Cir. 1996).

Before incarceration, Mr. Robertson was on personal recognizance, and Mr. Robertson was not on strict home confinement.  Mr. Robertson is 52 years old with no prior criminal history and detained for nearly three months.  While the Court has found probable cause for a violation of release conditions by purchasing firearms while under indictment, the Court can rest assured that Mr. Robertson completely understands his obligation to the Court now after serving jail time.  Essentially, the Court's power to incarcerate the Defendant has taught him to strictly comply with all release conditions.  This matter probably will not be set for trial before 2022.   Mr. Robertson will not be working for the foreseeable future and is amenable to remaining on house arrest twenty-four hours a day via GPS electronic monitoring as a condition of the High-Intensity Supervision Program.   If Mr. Robertson violates house arrest conditions, pretrial services will be immediately notified, and the Government can seek a warrant for his arrest.  The duration of time he has served has taught him to comply with all court orders strictly.

WHEREFORE, the Defense respectfully requests that this Court grant the Defendant's request to modify his bond to home confinement.

    Respectfully submitted,
    Rollins and Chan Law Firm

    /s/

    DC Bar No. 453638
    By: */s/ Mark M. Rollins*
    Mark Rollins
    419 7th Street, NW Suite 405
    Washington, DC 20004
    Phone: (202) 455-5610
    Mark@rollinsandchan.com