UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 1:21-cr-00034-CRC |
| : | |
| THOMAS ROBERTSON and : | |
| JACOB FRACKER : | |
| : | |
| Defendants. : | |

**UNITED STATES' OPPOSITION TO DEFENDANT ROBERTSON'S
MOTION FOR RECONSIDERATION TO MODIFY BOND CONDITION**

This Court revoked Defendant Robertson's release conditions following fulsome briefing and multiple hearings demonstrating that Robertson flagrantly, repeatedly, and seriously violated the conditions of his pretrial release by trafficking in firearms without remorse. ECF No. 37. Now, without any legal or factual basis, Defendant Robertson asks the Court to reconsider its decision citing only the Defendant's assurances that he understands his obligation to the Court and a vague reference to the length of his pretrial detention. ECF No. 46 at 3. Because the Defendant has failed to offer any information that was not known to him at the time of his detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the safety of any other person and the community, his motion should be denied. 18 U.S.C. §3142(f)(2)(B).

   I. **Legal Standards**

Motions for reconsideration are not an opportunity to reargue facts and theories upon which the Court has already ruled. *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011). This Court may reopen a detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the

hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).[1]

**II. Discussion**

In his motion, the Defendant identifies only one piece of information not known to him prior to his detention hearing: the death of his father on October 23, 2021. While tragic, the death of the Defendant's father has no material bearing on the issue of whether there are conditions of his release that will reasonably assure the safety of any other person and the community. For this reason, the Defendant's motion must fail. 18 U.S.C. § 3142(f)(2)(B) ("Court may reopen a detention hearing…if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue [of release]").

The Defendant asks this Court to treat his request as a motion for reconsideration of an interlocutory decision. ECF No. 46 at 2. Courts in this District have adopted the standard from civil cases that reconsideration of an interlocutory decision is available "as justice requires," which is to say where there has been clear error, or significant change in the law or facts. *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015). Here, there has been no change in law, or facts, and the Defendant identifies no error in the Court's decision. Thus, under both the standard

---

[1] The Defendant cites to § 3142(f) for the proposition that this Court "may reconsider bond…based on new information bearing on pretrial release." ECF No. 46 at 2. This is incorrect. Section 3142 requires first that information exists that was not known to the movant at the time of the hearing and second that it has a *material* bearing on whether there are conditions of release that will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B) (emphasis added). *See also United States v. Hong Vo*, 978 F. Supp. 2d 41, 49 (D.D.C. 2013) (denying motion for reconsideration because the Defendant did not present any information – let alone new information – altering the weight of the evidence against her.").

set forth in 18 U.S.C. § 3142(f)(2)(B), and the standard generally governing motions for reconsideration of interlocutory decisions, the Defendant's motion fails.

The Defendant makes several other arguments in his motion, none of which support pretrial release. First, the Defendant notes, without providing any detail, that his three-month incarceration has taken a toll on his mental and physical health. This is not a basis for the Court reconsider its decision. *See, e.g. United States v. Bikundi*, 73 F. Supp. 3d 51, 54–55 (D.D.C. 2014) (citing *United States v. Ali*, 534 F. App'x 1, 2 (D.C. Cir. 2013) ("[T]he mere passage of time, without a substantial change in the 'underlying reasons for this court's prior decisions' regarding pretrial detention is generally not sufficient to warrant reconsiderations.").

Second, the Defendant, formerly a veteran police officer, signed paperwork acknowledging that he understood his conditions of release and was reminded of the need to comply with them repeatedly. To state, as the Defendant does, that "the Court's power to incarcerate the Defendant has taught him to strictly comply with all release conditions," ECF No. 46 at 3, makes a mockery of the badge he used to wear. Defendant Robertson did not need to be taught to comply with release conditions. It also suggests that Defendant Robertson continues to fail to understand the seriousness of his actions.

Finally, it is worth noting that in the Defendant's motion he does not express any remorse for violating his conditions of pretrial release, which involve firearms offenses to which he concedes there is probable cause he committed. Rather, the Defendant appears to ascribe some significance relating to his pretrial release to the fact that he has not yet been charged with firearms offenses. These offenses remain under investigation.

### III. Conclusion

Because the Defendant has made no showing of new information material to his pretrial

release, his motion must fail.

                                  Respectfully submitted,

                                  MATTHEW M. GRAVES
                                  United States Attorney
                                  DC Bar No. 415793

By:   */s/Elizabeth Aloi*
        ELIZABETH ALOI
        Assistant United States Attorney
        NY Bar No. 4457651
        U.S. Attorney's Office, District of Columbia
        555 Fourth Street, N.W.
        Washington, DC  20530
        Phone: (202) 695-0610
        Elizabeth.Aloi@usdoj.gov

        */s/ Risa Berkower*
        RISA BERKOWER
        Assistant United States Attorney
        NY Bar No. 4536538
        U.S. Attorney's Office, District of Columbia
        555 Fourth Street, N.W.
        Washington, DC  20530
        Phone: (202) 803-1576
        Risa.Berkower@usdoj.gov