UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr- 34 |
| v. : | |
| : | |
| THOMAS ROBERTSON AND : | |
| JACOB FRACKER : | |
| : | |
| Defendant. : | |

## UNITED STATES' MOTION IN LIMINE
## TO EXCLUDE IMPROPER CHARACTER EVIDENCE

On January 6, 2021, the defendants, Thomas Robertson and Jacob Fracker, were off-duty police officers with military careers. As such, they held positions of public trust, and had sworn to uphold the law, even the face of volatile and challenging circumstances. They broke this public trust when they participated in the riot at the U.S. Capitol. At trial in this case, this Court should preclude the defendants from offering evidence of specific instances of their prior good conduct, including that derived from their careers in law enforcement or with the military, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

**I.    The Defendant's Participation in the January 6, 2021, Riot and the Pending Charges**

On January 6, 2021, the defendants put on gas masks, stormed up the lower west terrace of the U.S. Capitol grounds, and entered the U.S. Capitol building without legal authority, joining a sea of rioters engaged in violent and destructive behavior. Throughout, defendant Robertson was armed with a large wooden stick, which he used to block the path of a line of Metropolitan Police Department officers who were trying to control the crowd and provide backup to an overwhelmed group of Capitol Police officers who were trying to defend the lower west terrace from the advancing mob. Once inside the building, both defendants stopped in the Capitol's Crypt and

took an obscene photo; Fracker also bragged on Facebook about taking a "piss" in "Nancy P's toilet." Circulating the obscene photo with pride eventually led to law enforcement identifying them and uncovering further evidence of their participation in the riot.

The defendants' social media posts explain their actions on January 6. For example, as early as November 7, 2020, Robertson began calling for violence, writing on Facebook, "[a] legitimate republic stands on 4 boxes. The soapbox, the ballot box, the jury box, and then the cartridge box… I've spent most of my adult life fighting a counter insurgency. Im about to become part of one, and a very effective one." On January 7, 2021, the day immediately after the attack, Robertson described himself as having "stormed" the Capitol in a forum on the website "AR-15.com."

Similarly, on January 7, 2021, Fracker sent messages, a photo, and multiple videos from January 6 to a friend on Facebook. The photo depicted him standing in front of a statue which was holding a "Trump 2020, Make America Great Again" flag. After sending the photo but before sending the videos, Fracker messaged his Facebook friend "Don't share these. Just thought you should know there's hitters out here trying to make a fucking difference at any cost." He also acknowledged he had assisted rioters who had gotten hit with tear gas, and, as an apparent explanation for the events of the day, wrote, "[y]ou put almost if not more than a million of us against…the 25 cops that were up there? Things are gonna get spicy."

For this conduct, the defendants have been charged with one count of obstruction, in violation of 18 U.S.C. § 1512(c)(2). To prove obstruction, the Government must show that the defendants acted corruptly, with an improper motive or purpose. *See, e.g., United States v. Ganim*, 510 F.3d 134, 151 (2d Cir. 2007).

The defendants have also been charged with violations of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building), and 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building). Defendant Fracker has been charged with misdemeanor violations of these statutes, while defendant Robertson has been charged with felony violations of § 1752(a)(1) and (a)(2) for using or carrying a dangerous weapon during these crimes. All of these violations require the Government to prove that the defendants engaged in certain behavior while in the Capitol building or on its grounds without legal authority.

In addition, Robertson has been charged with one violation of 18 U.S.C. § 231(a)(3). To prove a Section 231(a)(3) violation, the Government must show (1) that Robertson attempted to obstruct, impede or interfere with a law enforcement officer; (2) that the law enforcement officer was carrying out his or her official duties; and (3) that this occurred incident to and during a civil disorder; and (4) that the civil disorder adversely affected the performance of a federally protected function or interstate commerce.

II.     **The Limited Admissibility of Character Evidence**

Rule 404(a) of the Federal Rules of Evidence explicitly prohibits either party from offering evidence of character to prove that a person acted in conformity therewith on any particular occasion. The Rule contains three exceptions, one of which governs the admissibility of evidence of a defendant's character. Fed. R. Evid. 404(a)(1). Such evidence is admissible only if it relates to a "pertinent" or relevant character trait. *Id*.

Consistent with Rule 405, "when evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). "When a person's character or character trait is an

3

essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b).

This Court has authority to grant a motion *in limine*, in advance of trial, which excludes inadmissible evidence, as well as any and all reference by the parties, attorneys and witnesses to the inadmissible evidence. *Luce v. United States*, 469 U.S. 38 (1984).

### III. The Court Should Issue an Order In Limine Precluding the Introduction of Character Evidence Relating to The Defendants' Current and Former Public Service

This Court should exclude character evidence if offered by the defendants to prove their general good character, including that derived from their prior public service -- such as attention to duty, commitment to public service, professionalism, or dedication. Such evidence is not admissible because it is not pertinent to or an essential element of the obstruction, trespassing, and civil disorder charges pending against them. *See, e.g., United States v. Irving*, 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding evidence of Detective's professional awards because the awards do not reflect pertinent character traits and the criminal allegations were plainly unrelated to the Detective's professional competence and integrity).

Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offenses. *In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003). However, even if evidence of the defendants' prior good acts were indicative of a general law-abidingness, the form of that evidence would be governed by Federal Rule of Evidence 405(a), which limits such evidence to "testimony as to reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a). Proof of specific instances of conduct is not permitted under the Rule, unless the trait or character of a person is an essential element of the charge, claim or defense—which, in this case, it is not. *See United States v. Washington,* 106 F.3d 983, 999 (D.C. Cir. 1997). Indeed, there is no

character trait derived from the defendants' prior public service that is an essential element of a charge, claim or defense in this case. As detailed above, the Government must prove that the defendants acted corruptly, and engaged in specific conduct while being present without legal authority at the Capitol or on its grounds. None of the elements of the offenses with which the defendants have been charged relate to their previous careers in the military and police department or character traits aligned with that service. Thus, evidence of the defendants' specific good acts are inadmissible. *See id.* (holding that a police officer's commendations were not admissible because the defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was neither "pertinent" to, nor an "essential element" of, the bribery, conspiracy, or drug and firearms charges with which he was charged).

Accordingly, this Court should preclude the defendants from offering character evidence in the form of specific acts, or general reputation or opinion evidence beyond the scope of general law-abidingness, including that relating to their prior careers in law enforcement and the military.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

By:    */s/ Elizabeth Aloi*
    ELIZABETH ALOI
    Assistant United States Attorney
    NY Bar No. 4457651
    U.S. Attorney's Office, District of Columbia
    555 Fourth Street, N.W.
    Washington, DC  20530
    Phone: (202) 695-0610
    Elizabeth.aloi@usdoj.gov

    */s/ Risa Berkower*
    RISA BERKOWER
    Assistant United States Attorney

                                          NY Bar No. 4536538  
                                        U.S. Attorney's Office, District of Columbia  
                                        555 Fourth Street, N.W.  
                                        Washington, DC  20530  
                                        Phone: (202) 803-1576  
                                        Risa.berkower@usdoj.gov