IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>Thomas Robertson | CASE NO: 21-cr-34 (CRC) |

### DEFENDANT ROBERTSON'S OPPOSITION TO GOVERNMENT MOTION IN LIMINE TO EXCLUDE IMPROPER CHARACTER EVIDENCE

Thomas Robertson, the defendant, through undersigned counsel, respectfully submits this Opposition to the Government's Motion in Limine to Exclude Improper Character Evidence. The government seeks to preclude the defendants from offering evidence of specific instances of his prior good conduct, including that derived from his career in law enforcement or with the military, because the Government deems that evidence irrelevant under the Federal Rules of Evidence 404(a)(1) and 405(a).

### Background

According to the Government, Defendants Thomas Robertson and Jacob Fracker were among the crowd and entered the Capitol during the suspension of the certification, while the capitol building was on lockdown.

Defendant Robertson thereafter made a post on Facebook regarding his personal opinion of how he didn't agree with the election. According to the Government, he made additional statements the following day about "storming" the capitol. The defendants have been charged with violations of (Entering and Remaining in a Restricted Building), 18 U.S.C. § 1752(a)(2) (Disorderly and

Disruptive Conduct in a Restricted Building), and 40 U.S.C. § 5104(e)(2)(D) (Violent Entry and Disorderly Conduct in a Capitol Building). Defendant Fracker has been charged with misdemeanor violations of these statutes, while defendant Robertson has been charged with felony violations of § 1752(a)(1) and (a)(2) for using or carrying a dangerous weapon during these crimes.  Mr. Robertson has also been charged with one violation of 18 U.S.C. § 231(a)(3).

ARGUMENT

The defendant may introduce evidence of good character to show that it is unlikely that he or she either committed the offense or would testify falsely. *United States v. Lewis*, 482 F.2d 632, 638 (D.C. Cir. 1973); *United States v. Fox*, 473 F.2d 131, 134 (D.C. Cir. 1972); *McCormick, Evidence*, § 191 (3d ed. 1984); 1A *Wigmore, Evidence*, §§ 55-56 (1983 ed.).

Three types of evidence conceivably may be offered as evidence of the Defendant's character – testimony relating to specific instances of conduct that show the particular trait, a witness's opinion on whether the Defendant possesses the trait, and testimony to the Defendant's reputation on that trait. *Michelson v. United States*, 335 U.S. 469 (1948).

In the case at bar, the issue before the Court is whether character evidence including that derived from his prior public service should be precluded when the Defendant was carrying a walking stick, did not use it against anyone and the Government charges felony violations of § 1752(a)(1) and (a)(2) for using or carrying a dangerous weapon.   While the Government may have a point (regarding character evidence) with regard to trespassing charges pending against him, it does not with respect to whether he used a dangerous weapon.

Here, the Government contends that Mr. Robinson was carrying a dangerous weapon.   "Dangerous weapon" is not defined in § 1752(a)(2) and Most federal courts, including those in this circuit, apply a two-pronged approach to defining the term:

> In the District of Columbia, a dangerous weapon is anything that is likely to produce death or great bodily injury by the use made of it. An object is likely to produce great bodily injury if: (1) the design of the object is such that in its ordinary use it is likely to cause great bodily injury; or (2) the surrounding circumstances indicate that an object capable of causing great bodily injury is likely in fact so to be used.

*United States v. Broadie*, 452 F.3d 875, 881–82 (D.C. Cir. 2006) (citing *Strong v. United States*, 581 A.2d 383, 386 (D.C.1990)) (internal quotations omitted). Judge Lamberth recently reiterated this definition in a January 6 case. *United States v. Chansley*, 2021 WL 861079, at *7 (D.D.C. Mar. 8, 2021) (Lamberth, J.) (collecting cases) ("[A dangerous weapon is an] object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm.").[1] An inherently dangerous weapon is one that, in its ordinary use, is likely to cause great bodily injury. *Broadie*, 452 F.3d at 881-82.   The jury will have to make the decision of whether Mr. Robertson was in possession of a dangerous weapon and they should be permitted to know all aspects of Mr. Roberton's life.

The Government is not contending that a walking stick is inherently dangerous but rather because it was used in a way that is likely to endanger life or inflict bodily harm.

The Defense submits that the Court should allow testimony as to particular aspects of his work and life to prove his general good character, including that derived from his prior public service -- such as attention to duty, commitment to

---

1 8 *In United States v. Moore*, 149 F. Supp. 3d 177, 182 (D.D.C. 2016), the D.C. District Court defined dangerous weapon even more narrowly, as an instrument: (1) "designed to be used in destroying, defeating, or injuring an enemy, or as an instrument of offensive or defensive combat; (2) under the circumstances of the case, immediately useable to inflict serious or deadly harm (e.g., unloaded gun or starter's pistol useable as a bludgeon); or (3) actually used in a way likely to inflict that sort of harm (e.g., microphone cord used as a garrote)." Id.

public service, professionalism, or dedication.   The Court in *Robinson v. United States*, 156 F.2d 574 (D.C. Cir. 1946) held that a defendant was entitled to use evidence that he had a reputation for careful driving among co-workers.

In the case at bar, the Defense should be permitted to introduce evidence regarding particular aspects of his life and work to show that he would never use a walking stick in a nefarious manner.

Respectfully submitted,

ROLLINS AND CHAN

/s/

_____

Mark Rollins
DC Bar Number: 453638
Counsel for Thomas Robertson
419 7TH Street, NW
Suite 405
Washington, DC 20004
Telephone No. 202-455-5610
Direct No: 202-455-5002
mark@rollinsandchan.com

**Date Filed:** February 28, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022 this motion was electronically filed pursuant to the rules of the Court.

/s/
_____
Mark Rollins