UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr- 34 (CRC) |
| v. : | |
| : | |
| THOMAS ROBERTSON AND : | |
| JACOB FRACKER : | |
| : | |
| Defendant. : | |

**REPLY BRIEF IN SUPPORT OF UNITED STATES' MOTION IN LIMINE
TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

At trial, the evidence will show that defendant Thomas Robertson wielded a stick, which he used to impede the movement of several law enforcement officers. This evidence is expected to include testimony from the law enforcement officers, coupled with video from the officers' body worn camera, showing Robertson using the stick. Defendant Thomas Robertson has filed a brief in opposition to the Government's motion in limine to exclude improper character evidence, suggesting that he should be permitted to offer character evidence to disprove that, on January 6, 2021, he used a stick as a dangerous weapon. Robertson's position is unsupported by both the facts and the law. At trial, this Court should preclude the defendants from offering evidence of their prior good conduct, including anything that might suggest that Robertson's character is such that he would not use a stick as a weapon, because such evidence is improper character evidence under Federal Rules of Evidence 404(a)(1) and 405(a).

**I.    Robertson Used a Wooden Stick as a Dangerous Weapon**

On January 6, 2021, the defendants put on gas masks, stormed up the lower west terrace of the U.S. Capitol grounds, and entered the U.S. Capitol building without legal authority, joining a sea of rioters engaged in violent and destructive behavior. Throughout, defendant Robertson was armed with a large wooden stick, which he used to block the path of a line of Metropolitan Police

Department officers who were trying to control the crowd and provide backup to an overwhelmed group of Capitol Police officers who were trying to defend the lower west terrace from the advancing mob. Robertson's conduct is clearly captured on the body worn camera worn by the police officers.

For this conduct, Robertson has been charged with felony violations of 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building), and 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building), for using or carrying a dangerous weapon during these crimes. While dangerous weapon is not specifically defined in Section 1752, Courts have found that when everyday objects, such as a stick, are used as weapons, they are dangerous weapons for the purpose of the statute. *See, e.g., United States v. Rocha*, 598 F.3d 1144, 1154-55 (9th Cir. 2010) ("A long line of cases confirm that objects that have perfectly peaceful purposes may be turned into dangerous weapons and that such use may be punished under the federal assault statute.") (collecting cases); *United States v. Loman*, 551 F.2d 164, 169 (7th Cir. 1977) (finding that a walking stick that the defendant brought down on the victim's head constituted a dangerous weapon, even though the stick did not cause serious injury).

## II.     The Limited Admissibility of Character Evidence

Rule 404(a) of the Federal Rules of Evidence explicitly prohibits either party from offering character evidence to prove that a person acted in conformity therewith on any particular occasion; Robertson may not use character evidence to show that because he once carried a stick without using it as a weapon, he did not use a stick as a weapon on January 6, 2021.[1]

---

[1] Should Robertson offer evidence that he used a stick to facilitate walking, the Government expects to offer rebuttal testimony proving that Robertson, at the time a police officer, did not use a cane or otherwise need a walking stick.

2

The Rule contains three exceptions, one of which governs the admissibility of evidence of a defendant's character. Fed. R. Evid. 404(a)(1). Such evidence is admissible only if it relates to a "pertinent" or relevant character trait. *Id*. There is no pertinent character trait relevant to the Section 1752 offenses; Robertson either did or did not use the stick as a dangerous weapon during the commission of his crimes on January 6, 2021. Thus, this exception does not apply. Robertson's reliance on *Robinson v. United States*, 156 F. 2d 574 (D.C. Cir. 1946) to support the opposite conclusion is misguided. In *Robinson*, the defendant was charged with negligent driving, and in defense argued that he was not the driver of the vehicle in question. Evidence that the Robinson defendant was a prudent driver was directly relevant to his defense of mistaken identity. In contrast, Robertson has not argued that he did not wield the stick in question, nor could he reasonably do so, as there is direct photographic evidence to the contrary.

Federal Rule of Evidence 405(b) is similarly inapplicable. Consistent with Rule 405(b), "when a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). Here, there is no character trait that is an essential element of the Section 1752 offenses. Accordingly, this Court should exclude character evidence if offered by the defendants to prove their general good character, including that derived from their prior public service, or that relating in some form or fashion to the use of wooden sticks or dangerous weapons. Such evidence is not admissible because it is not pertinent to or an essential element of the obstruction, trespassing, and civil disorder charges pending against them. *See, e.g., United States v. Irving*, 2008 WL 163653, at *1 (D.D.C. Jan. 18, 2008) (excluding evidence of Detective's professional awards because the awards do not reflect pertinent character traits and the criminal allegations were plainly unrelated to the Detective's professional competence and integrity).

3

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052


By:     /s/   Elizabeth Aloi
ELIZABETH ALOI
RISA BERKOWER
Assistant United States Attorneys
DC Bar No. 1015864 (Aloi)
U.S. Attorney's Office, District of Columbia
555 Fourth Street, N.W.
Washington, DC  20530
Phone: (202) 695-0610
Elizabeth.aloi@usdoj.gov