# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| | **:** | **Case No: 21-cr-34 (CRC)** |
| **v.** | **:** | |
| | **:** | |
| **THOMAS ROBERTSON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## JOINT PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's December 17, 2021, Pre-Trial Order, the parties hereby propose the following final jury instructions, subject to issues that arise during trial:

1. Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2. Function of the Court, Redbook 2.101

3. Function of the Jury, Redbook 2.102

4. Jury's Recollection Controls, Redbook 2.103

5. Evidence in the Case, Redbook 2.104

6. Statements of Counsel, Redbook 2.105

7. Indictment Not Evidence, Redbook 2.106

8. Burden of Proof, Redbook 2.107

9. Reasonable Doubt, Redbook 2.108

10. Direct and Circumstantial Evidence, Redbook 2.109

11. Credibility of Witnesses, Redbook 2.200

12. Witness with a Plea Agreement, Redbook 2.203

13. Nature of Charges Not to Be Considered, Redbook 2.110

14. Inadmissible and Stricken Evidence, Redbook 2.112, *as applicable*

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as Witness, Redbook 2.209, *as applicable*

17. Transcripts of Tape Recordings, Redbook 2.310

18. Count One, 18 U.S.C. § 1512(c)(2)

19. Count Two, 18 U.S.C. § 231(a)(3)

20. Count Three, 18 U.S.C. § 1752(a)(1) and (b)(1)(A)

21. Count Four, 18 U.S.C. § 1752(a)(2) and (b)(1)(A)

22. Count Five, 40 U.S.C. § 5104(e)(2)(D)

23. Count Six, 18 U.S.C. § 1512(c)(1)

24. Proof of State of Mind, Redbook 3.101

25. Multiple Counts- One Defendant, Redbook 2.402

26. Unanimity—General, Redbook 2.405

27. Verdict Form Explanation, Redbook 2.407

28. Redacted Exhibits, Redbook 2.500

29. Exhibits During Deliberations, Redbook 2.501

30. Selection of Foreperson, Redbook 2.502

31. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

32. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

33. Attitude and Conduct of Jurors in Deliberations, Redbook 2.510

34. Excusing Alternate Jurors, Redbook 2.511

**Government's Proposed Instruction No. 18**
**Count One - Obstruction of an Official Proceeding and Aiding and Abetting**

Count One of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law.   Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions.   Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

<u>Elements</u>

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:
First, the defendant attempted to or did obstruct or impede an official proceeding.
Second, the defendant intended to obstruct or impede the official proceeding.
Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.
Fourth, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.  As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both.   The defendant must also act with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.   For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

Attempt

In Count One, the defendants is also charged with attempt to commit the crime of obstruction of an official proceeding.   An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.   You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.   Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.   However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

Aiding and Abetting

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count One.   A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.   It is not necessary that all the people who committed the crime be caught or identified.   It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed

**Defendant's Proposed Instruction No. 18**
**Count One - Obstruction of an Official Proceeding and Aiding and Abetting**

Count One of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of the law.   Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions.   Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

Elements

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

1. First, the defendant attempted to or did obstruct or impede an official proceeding.
2. Second, the defendant intended to obstruct or impede the official proceeding.
3. Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.
4. Fourth, the defendant acted corruptly.
5. The defendant has taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding (*US v. Miller*)[1]

Definitions

The term "official proceeding" includes a proceeding before the Congress.   The official proceeding need not be pending or about to be instituted at the time of the offense.   If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.   As used in Count 2, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

---

[1]  In *US v. Miller* (1:21-cr-119), the Court concluded that "§ 1512(c)(2) must be interpreted as limited by subsection (c)(1), and thus requires that the defendant have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding." The Court dismissed this Count.

Robertson, however, is not alleged to have taken such action. Instead, Count One of the Second Superseding Indictment alleges only that he "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15–18." Nothing in Count One (or the Indictment more generally) alleges, let alone implies, that Robertson took some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote <u>on January 6, 2021</u>. (Count 6 cannot be used here).

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both. An act is done "corruptly" if the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice. *United States v. Gutierrez*, No. CR 15-3955 JB (D.N.M. May. 31, 2018)

 The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.   For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

Will need to add definitions for the additional element in light of the Miller case.

Attempt

In Count One, the defendants is also charged with attempt to commit the crime of obstruction of an official proceeding.   An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.   You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.   Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.   However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count One.   A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.   It is not necessary that all the people who committed the crime be caught or identified.   It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.   That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.   The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.   Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter.   If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor.   The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed

### **Government's Objection to Defendant's Proposed Instruction No. 18**

The Government objects to Defendant's Proposed Instruction No. 18 because the additional element for 18 U.S.C. §1512 as set forth is *United States* v. *Miller, 21-cr-119* is not the law of this case.

The Government also objects because the reference to "dishonestly" in the defendant's proposed definition of "corruptly" is duplicative, unnecessary, and was rejected by this Court in *United States v. Reffitt*, 21-cr-32 (DLF).

**Government's Proposed Instruction No. 19**
**Count Two- Civil Disorder and Aiding and Abetting[2]**

Count Two of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Attempt has the same meaning as that described for Count One.

Aiding and Abetting has the same meaning as that described for Count One.

---

[2] Adapted from 18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81).

**Defendant's Proposed Instruction No. 19**
**Count Two- Civil Disorder and Aiding and Abetting[3]**

Count Two of the indictment charges the defendant with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Attempt has the same meaning as that described for Count One.

Aiding and Abetting has the same meaning as that described for Count One.

In order to meet its burden under 18 U.S.C. § 231(a)(3), the government must prove beyond a reasonable doubt each of the following elements:

1. That a civil disorder existed at the time the defendant was arrested;
2. That such civil disorder interfered with a federally protected function;
3. That one or more law enforcement officers were lawfully engaged in the lawful performance of their official duties incident to and during the commission of such civil disorder;
4. That the defendant committed or attempted to commit any act for the intended purpose of obstructing, impeding, or interfering, either by himself or with someone else, in a violent manner, with such law enforcement officer or officers;
5. That such act or attempt to act was done willfully and knowingly.
United States v. Red Feather, 392 F. Supp. 916, 918–19 (D.S.D. 1975)

"Civil disorder" is defined as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S. Code § 232.

---

[3] Adapted from 18 U.S.C. § 231(a)(3); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81).

## **Government's Objection to Defendant's Proposed Instruction No. 19.**

The Government objects to the Defendant's Proposed Instruction No. 19 because the defendant's proposed elements of 18 U.S.C. §231(a)(3) add various features not found in the statute, including a requirement that the act in question be committed "in a violent manner." Courts outside the Eighth Circuit, including in this District, have uniformly rejected that view as inconsistent with the plain text of Section 231(a)(3). The defendant's proposal also omits altogether the elements relating to interstate commerce.

The Government also objects because there is no "willfulness" requirement in Section 231(a)(3). The single case cited for that proposition, an out-of-circuit district court case, itself includes no authority for importing such a requirement into the statute.

## Government Proposed Instruction No. 20
## Count Three- Entering or Remaining in a Restricted Building or Grounds[4]

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building without lawful authority to do so.
2. Second, that the defendant did so knowingly.
3. Third, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term knowingly has the same meaning as that described for Count One. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.[5]

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of Count Three unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

A dangerous or deadly weapon means any object that can be used to inflict severe bodily harm or injury. The object need not actually be capable of inflicting harm or injury.   Rather, an object is a deadly or dangerous weapon if it, or the manner in which it is used, would cause fear in the average person.[6]

---

[4]  18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

[5]  *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

[6]  *See* Seventh Circuit Pattern Criminal Jury Instructions; *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002))

**Defendant's Proposed Instruction No. 20**
**Count Three- Entering or Remaining in a Restricted Building or Grounds**[7]

Count Three of the Indictment charges the defendant with entering or remaining in a restricted building or grounds while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building without lawful authority to do so.
2. Second, that the defendant did so knowingly.
3. Third, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

The term knowingly has the same meaning as that described for Count One. A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.[8]

A person who enters a restricted area with a good faith belief that he is entering with lawful authority is not guilty of this offense. Thus, you cannot find the defendant guilty of Count Three unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

A dangerous or deadly weapon means any object that can be used to inflict severe bodily harm or injury. The object need not actually be capable of inflicting harm or injury.   Rather, an object is a deadly or dangerous weapon if it, or the manner in which it is used, would cause fear in the average person.[9]
A "deadly or dangerous weapon" is "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." *United States v. Sanchez*, 914 F.2d 1355, 1358 (9th Cir. 1990); *see also United States v. Chansley*, No. 21-cr-3 (RCL), 2021 WL

---

[7] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

[8] *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005).

[9] *See* Seventh Circuit Pattern Criminal Jury Instructions; *United States v. Arrington*, 309 F.3d 40, 45 (D.C. Cir. 2002))

861079, at *7 (D.D.C. Mar. 8, 2021) (defining "dangerous weapon" as "an object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm"). "Whether something is a 'dangerous' weapon depends on how it is used."  *Gray v. United States*, 980 F.3d 264, 267 (2d Cir. 2020). Thus, " 'objects that have perfectly peaceful purposes may be turned into dangerous weapons' when used in a manner likely to cause bodily harm." *Chansley*, 2021 WL 861079, at *7 (quoting *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc)).

### Government's Objection to Defendant's Proposed Instruction No. 20

The Government objects to the Defendant's Proposed Instruction No. 20 on the grounds that inclusion of the case citations in the definition of "dangerous or deadly weapon" is confusing and unnecessary.

**Government's Proposed Instruction No. 21**
**Count Four – Disorderly or Disruptive Conduct in a Restricted Building[10]**

Count Four of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.
2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.
3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.
4. Fourth, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

 "Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.  "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[11]

The terms "restricted building" and "knowingly" have the same meanings as described in the instructions for Count One.

The term "dangerous weapon" has the same meaning as described in the instructions for Count Three.

---

[10]  18 U.S.C. § 1752.
[11]  Redbook 6.643.

**Defendant's Proposed Instruction No. 21**
**Count Four – Disorderly or Disruptive Conduct in a Restricted Building[12]**

Count Four of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, while using or carrying a dangerous or deadly weapon, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.
2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.
3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.
4. Fourth, that the defendant used or carried a deadly or dangerous weapon during and in relation to the offense.

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person. "Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[13]
In relevant part, the D.C. disorderly conduct statute, D.C.Code § 22–1321, applies to any individual who, "with intent to provoke a breach of the peace, or under circumstances such that a breach of the peace may be occasioned thereby" either "(1) acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others ..." or "(3) shouts or makes a noise either outside or inside a building during the nighttime to the annoyance or disturbance of any considerable number of persons...." D.C.Code § 22–1321. Under this statute a person is guilty of committing disorderly conduct only if the conduct " 'occur[s] under circumstances such that a breach of peace may be occasioned thereby.' " *Shepherd v. District of Columbia,* 929 A.2d 417, 418 (D.C.2007) (quoting *Chemalali v. District of Columbia,* 655 A.2d 1226, 1228 (D.C.1995)). The breach of the peace requirement applies to conduct proscribed both under subsection (1) and subsection (3). *See In re T.L.,* 996 A.2d 805, 810 (D.C.2010). Circumstances in which a breach of the peace may be occasioned include where an individual's words are likely to produce violence on the part of others, *Rodgers v. United States,* 290 A.2d 395, 397 (D.C.1972), and where an individual produces unreasonable and excessive noise, *In re T.L.,* 996 A.2d at 813–14. Dormu v. D.C., 795 F. Supp. 2d 7, 20–21 (D.D.C. 2011)

The terms "restricted building" and "knowingly" have the same meanings as described in the instructions for Count One.

---

[12] 18 U.S.C. § 1752.
[13] Redbook 6.643.

The term "dangerous weapon" has the same meaning as described in the instructions for Count Three. A "deadly or dangerous weapon" is "any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." *United States v. Sanchez*, 914 F.2d 1355, 1358 (9th Cir. 1990); *see also United States v. Chansley*, No. 21-cr-3 (RCL), 2021 WL 861079, at *7 (D.D.C. Mar. 8, 2021) (defining "dangerous weapon" as "an object that is either inherently dangerous or is used in a way that is likely to endanger life or inflict great bodily harm"). "Whether something is a 'dangerous' weapon depends on how it is used." *Gray v. United States*, 980 F.3d 264, 267 (2d Cir. 2020). Thus, " 'objects that have perfectly peaceful purposes may be turned into dangerous weapons' when used in a manner likely to cause bodily harm." *Chansley*, 2021 WL 861079, at *7 (quoting *United States v. Smith*, 561 F.3d 934, 939 (9th Cir. 2009) (en banc)).

## Government's Objection to Defendant's Proposed Instruction No. 21

The Government objects to Defendant's Proposed Instruction No. 21 because it is unnecessary, duplicative and confusing to import the extra verbiage about disorderly conduct from the general District of Columbia disorderly conduct statute when the Government has proposed language from the relevant statute for disorderly conduct on the U.S. Capitol grounds and in the U.S. Capitol building. The Government also reiterates its objection to the defendant's definition of a "deadly or dangerous weapon."

**Government's Proposed Instruction No. 22**
**Count Five – Disorderly Conduct in a Capitol Building**[14]

Count Five of the Indictment charges the defendant with violent entry and disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.
2.  Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.
3.  Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[15]

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[16]

The term "knowingly" has the same meaning as that described in the instructions for Count One.

**Defendant's Proposed Instruction No. 22**
**Count Five – Disorderly Conduct in a Capitol Building**[17]

Count Five of the Indictment charges the defendant with violent entry and disorderly and disruptive conduct in a Capitol Building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

---

[14] 18 U.S.C. § 1752.
[15] 40 U.S.C. § 5101
[16] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).
[17] 18 U.S.C. § 1752.

2.  Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.
3.  Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.[18]

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Four defining "disorderly conduct" and "disruptive conduct." Same note as count 4.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.[19]

The term "knowingly" has the same meaning as that described in the instructions for Count One.

### Government's Objection to Defendant's Proposed Instruction No. 22

The Government reiterates its objection to the defendant's definition of disorderly conduct.

---

[18] 40 U.S.C. § 5101
[19] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

**Government's Proposed Instruction No. 23**
**Count Six - Tampering with Document or Proceedings**[20]

Count Six of the indictment charges the defendant with obstruction of justice. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1. The defendant did or attempted to alter, destroy, mutilate, or conceal, a record, document, or other object, and;
2. The defendant acted knowingly;
3. The defendant acted corruptly; and
4. The defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

The term "official proceeding" includes a proceeding before a judge or court of the United States, or a United States magistrate judge, or a Federal grand jury.[21]

The terms "knowingly," "corruptly," and "attempt" have the same meaning as that described in the instructions for Count One defining "knowingly," "corruptly," and "attempt."

---

[20] Adapted from the Seventh Circuit Pattern Criminal Jury Instructions.
[21] *See* 18 U.S.C. § 1515(a)(1)(A).

**Defendant's Proposed Instruction No. 23**
**Count Six - Tampering with Document or Proceedings[22]**

Count Six of the indictment charges the defendant with obstruction of justice. In order for you to find the defendant guilty of this charge, the government must prove each of the four following elements beyond a reasonable doubt:

1. The defendant did or attempted to alter, destroy, mutilate, or conceal, a record, document, or other object, and;
2. The defendant acted knowingly;
3. The defendant acted corruptly; and
4. The defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

The term "official proceeding" includes a proceeding before a judge or court of the United States, or a United States magistrate judge, or a Federal grand jury.[23]

The terms "knowingly," "corruptly," and "attempt" have the same meaning as that described in the instructions for Count One defining "knowingly," "corruptly," and "attempt."

The final element may be proven by showing the defendant's endeavors had the natural and probable effect of interfering with the due administration of justice. *United States v. Carson*, 560 F.3d 566, 584 (6th Cir. 2009); *United States v. Simpson*, 741 F.3d 539, 552 (5th Cir. 2014)(internal citations omitted)(""Though a proceeding need not be actually pending at the time of the obstructive act, an obstruction of justice conviction requires some nexus between the obstructive act and some official government proceeding. A proceeding must at least be foreseen, such that the defendant has in contemplation some particular official proceeding in which the destroyed evidence might be material"); *United States v. Desposito*, 704 F.3d 221, 230-31 (2d Cir. 2013); *United States v. Ahrensfield*, 698 F.3d 1310, 1324 (10th Cir. 2012); see also *United States v. Townsend*, 630 F.3d 1003, 1015 n. 8 (11th Cir. 2011)(observing without comment that the trial court's instruction to the jury that, "the defendant can be found guilty of that offense only if all the following facts are proved beyond a reasonable doubt ... Four that the natural and probable effect of the defendant's conduct would be the interference with the due administration of justice").

---

[22] Adapted from the Seventh Circuit Pattern Criminal Jury Instructions.
[23] *See* 18 U.S.C. § 1515(a)(1)(A).

### Government's Objection to Defendant's Proposed Instruction No. 23

The Government objects to the Defendant's Proposed Instruction No. 23 because it incorporates the unsupported definition of "corruptly" from Defendant's Proposed Instruction No. 18.

Respectfully submitted,

For the Government:

Matthew M. Graves
United States Attorney
D.C. Bar No. 481052

/s/Elizabeth Aloi
Elizabeth Aloi
Assistant United States Attorney
DC. Bar. No. 1015864
Risa Berkower
Assistant United States Attorney
NY Bar No. 4536538
U.S. Attorney's Office, District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Phone: 202-803-1576
Email: risa.berkower@usdoj.gov

For the Defendant:

/s/Mark Rollins
Mark Rollins
DC Bar Number: 453638
Counsel for Thomas Robertson
Camille Wagner
DC Bar Number: 1659390
Counsel for Thomas Robertson
419 7TH Street, NW
Suite 405
Washington, DC 20004
Telephone No. 202-455-5610
Direct No: 202-455-5002
mark@rollinsandchan.com
camille@rollinsandchan.com