**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES | |
| v. | CASE NO: 21-cr-34(CRC) |
| Thomas Robertson | |
| *Defendant* | |

## MOTION FOR JUDGMENT OF ACQUITTAL

Defendant, Thomas Robertson, by and through counsel, respectfully moves for judgment of acquittal on Counts One, Three, and Four, as the evidence presented at trial was insufficient to sustain a conviction. Fed. R. Crim. P. 29(c). In support, Thomas Robertson states:

### Background

On April 11, 2022, Mr. Robertson was convicted on all counts listed in the indictment. At the conclusion of the Government's evidence on April 7, 2022, the Defense moved for Judgment of Acquittal, and the Court reserved.

Mr. Robertson again moves for judgment of acquittal as to count one because of the insufficiency of the evidence. The government failed to prove that Mr. Robertson acted corruptly pursuant to Title 18, United States Code, Sections 1512(c)(2). Mr. Robertson also moves for judgment of acquittal in relation to counts three and four because the government failed to prove that he carried a deadly or dangerous weapon (the wooden stick).

**Memorandum in Support of Motion for Judgment of Acquittal**
**INCORPORATED POINTS AND AUTHORITIES**

A motion for acquittal filed after the Jury has returned a guilty verdict asks the Court to set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29. In reviewing a motion for judgment of acquittal, the Court must view all evidence in the light most favorable to the Government, giving it the benefit of all reasonable inferences. See *United States v. Singleton*, 702 F.2d 1159, 1163 (D.C. Cir. 1983); see also *United States v. Fennell*, 53 F.3d 1296, 1298 (D.C. Cir. 1995) (providing for the deferential review of jury verdicts); *United States v. Long*, 905 F.2d 1572, 1576 (D.C. Cir. 1990) (noting that "a jury is entitled to draw a vast range of reasonable inferences from evidence"). Accordingly, motions for judgment of acquittal are granted on the basis of insufficient evidence only if the court concludes, as a matter of law, that no reasonable juror could have convicted the defendant based on the evidence presented. *See United States v. Weisz*, 718 F.2d 413, 438 (D.C. Cir. 1983) ("[A] judgment of acquittal is appropriate only when there is no evidence upon which a reasonable juror might fairly conclude guilt beyond a reasonable doubt.") (citing *United States v. Reese*, 561 F.2d 894, 898 (D.C. Cir. 1977)).

In reviewing the sufficiency of evidence for a conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Wahl*, 290 F.3d 370, 375 (D.C. Cir. 2002).

## I. COUNT ONE

Defendant moved to dismiss Count One, i) because it fails to state an offense, ii) because the alleged conduct did not "obstruct, influence, and impede" a proceeding within the meaning of the statute, and iii) because the term "corruptly," as applied is unconstitutionally vague. Doc 52. The Court denied the Motion (Doc 63). Accordingly, in support of this Motion for Judgment of Acquittal, Mr. Robertson adopts and incorporates the previous arguments in support of the Motion to Dismiss Count One.

The statute's context, structure, and scope suggest that subsection (c)(2) has a narrow focus. 18 U.S.C. § 1512; see *United States v. Miller*, DCD No. 1:21-cr-00119- CJN, Doc. 72 at 20–22 (Mar. 7, 2022). The historical development of the statute suggests that subsection (c)(2) operates as a catchall to subsection (c)(1). *Miller* at 23–25. The legislative history supports a narrow reading of subsection (c)(2). *Id.* at 26– 28. Subsection (c)(2) has a serious ambiguity. *Id.* at 28. Courts have "traditionally exercised restraint in assessing the reach of a federal criminal statute, …." *Id., quoting United States v. Aguilar*, 515 U.S. 593, 600 (1995). They have "construe[d] penal laws strictly and resolve[d] ambiguities in favor of the defendant, …." *Miller* at 28, *quoting United States v. Nasir*, 17 F.4th 459, 472 (3d Cir. 2021) (en banc) (*Bibas*, J., concurring) (citing *Liparota v. United States*, 471 U.S. 419, 427 (1985)).

Mr. Robertson maintains that to prove obstruction of an official proceeding (18 U.S.C. § 1512(c)(2)), the government must prove beyond a reasonable doubt:

    1)    that the defendant acted knowingly;

    2)     that the defendant obstructed, influenced, or impeded, or attempted to obstruct, influence, or impede an official proceeding by impairing the integrity and availability of non-object information to be used in the official proceeding;

    3)     that the defendant acted corruptly to obstruct, influence, or impede the due administration of justice, that is, the defendant acted knowingly and dishonestly with the intent to obtain an unlawful advantage for himself or an associate, and that he influenced another to violate their legal duty; and

    4)     that the defendant's alleged actions had a relationship in time, causation, or logic with the proceeding such that it was foreseeable that the defendant's conduct would interfere with the proceeding. In other words, the government must prove to you beyond a reasonable doubt that obstruction of an official proceeding was the natural and probable outcome of the defendant's conduct.

*See United States v. Ermoian*, 752 F.3d 1165, 1171–1172 (9th Cir. 2013); *United States v. Ahrensfield*, 698 F. 3d 1310 (10th Cir. 2012); *United States v. Poindexter*, 951 F.2d 369 (D.C. Cir. 1991); *United States v. North*, 910 F.2d 843, 882, 285 U.S. App. D.C. 343 (D.C. Cir. 1990) (a "corrupt" intent means "the intent to obtain an improper advantage for oneself or someone else…"); *United States v. Reeves*, 752 F.2d 995, 1001 (5th Cir. 1985) ("To interpret 'corruptly' [in obstruction statute] as meaning 'with an improper motive or bad or evil purpose' would raise the potential of overbreadth' in this statute because of the chilling effect on protected activities … Where 'corruptly' is taken to require an intent to secure an

unlawful advantage or benefit, the statute does not infringe on first amendment guarantees and is not 'overbroad.'").

No reasonable juror would find that the defendant impaired, attempted to impair, or helped anyone else impair the integrity and availability of non-object information (*see Ermoian* 752 F.3d at 1171–1172), because the record does not reflect any evidence of that. *See Jackson* at 319; *Wahl* at 375. No reasonable juror would find that the defendant acted corruptly to obstruct, influence, or impede the due administration of justice (*see Ahrensfield*, 698 F. 3d 1310), because the record does not reflect any evidence of that. *See Jackson* at 319; *Wahl* at 375. Nor would a reasonable juror find that the defendant took some action with respect to a document, record, object, or non-object information, to obstruct corruptly, impede or influence an official proceeding (*See Miller*, DCD No. 1:21-cr-00119-CJN, Doc. 72), because the record does not reflect any evidence of that. *See Jackson* at 319; *Wahl* at 375.  In the case at the bar, Mr. Robertson did not break or take anything. It's only his mere presence that the Government relies on to find that he acted corruptly.  The evidence was all on video, and we see Mr. Robertson walking into the Capitol on the Northwest side and going to the Crypt.   There are no other words or actions at that moment to indicate corruption.

## II.     COUNTS THREE AND FOUR

To prove entering and remaining in a restricted building or grounds with a deadly or dangerous weapon (18 U.S.C. § 1752(a)(1) and (b)(1)(A)), the government must prove beyond a reasonable doubt:

1)     that the defendant entered or remained in a restricted building or grounds without lawful authority to do so;

2) that the defendant knew that the building or grounds was restricted, and he knew that he lacked lawful authority to enter or remain there; and

3) that during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm;

There is no evidence to suggest that Mr. Robertson carried a deadly weapon or dangerous weapon. The Government argued that he held the stick at Port Arms at trial. It should be deemed a dangerous weapon or deadly weapon. The Government should have been required to prove that the stick must be capable of causing serious bodily injury or death to another person, and the defendant intended to use it in that manner. Here, there was no such evidence produced at trial. The Government showed that he used the stick at Port Arms, but there was no evidence to the fact-finder that he used it in a deadly or dangerous way (*See U.S. v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002). The video evidence showed Mr. Robertson holding the stick close to his body, and it also showed him using it to walk. The Defense submits that the Jury saw Mr. Robertson already in a bad light when he was in a restrictive area. The Jury was also shown his inflammatory words on Facebook. Undersigned believes that this inflammatory evidence led the Jury to conclude that he came there with the intent to use it as a dangerous or deadly weapon. However, there is no evidence to support that, and in fact, he used it in such a manner.

Mr. Robertson does not dispute that the prosecution presented evidence from which a rational jury could infer that he resisted or impeded the officers when they were coming through the crowd. However, to support a conviction for the separate offense set forth in 18 U.S.C. § 1752(a)(1) and (b)(1)(A), which carries

an enhanced penalty, the government was required to prove that Mr. Robertson intended to carry the stick as a dangerous weapon or deadly weapon. Here, even taken in the light most favorable to the government, the evidence at trial failed to establish beyond a reasonable doubt that Mr. Robertson purposely used his walking stick as a dangerous or deadly weapon instead of just a means to impede.

                Respectfully submitted,
                ROLLINS AND CHAN

                /s/
                _____

                Mark Rollins
                DC Bar Number: 453638
                Counsel for Thomas Robertson
                419 7TH Street, NW
                Suite 405
                Washington, DC 20004
                Telephone No. 202-455-5610
                Direct No: 202-455-5002
                mark@rollinsandchan.com

Date Filed: April 25, 2022

### Request for Hearing

Defendant requests a hearing.  LCrR 47

### Certificate of Service

I hereby certify that on 04/25/2022, I electronically filed this motion pursuant to the rules of the Court.

                /s/
                _____
                Mark Rollins