UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>v.<br><br>THOMAS ROBERTSON, | Case No: 21-cr-34 (CRC) |

**THOMAS ROBERTSON**
**Defendant.**

### DEFENDANT' MEMORANDUM IN SUPPORT OF RESENTENCING

Thomas Robertson ("Robertson"), respectfully submits this Memorandum in Support of Resentencing. We acknowledge the serious nature of Mr. Robertson's offenses. However, we urge the Court to consider the Current state of the law after *Fischer v. United States*, 144 S. Ct. 2176 (2024) and *United States v. Brock*, 94 F.4th 39, 51 (D.C. Cir. 2024) and his significant efforts towards rehabilitation and his positive contributions during incarceration and sentence the Defendant to the guideline scores outlined below.

### **BRIEF BACKGROUND**

On April 11, 2022, the defendant, Thomas Robertson, was found guilty by a jury trial on all six counts of a six-count Second Superseding Indictment. Count 1 charged Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2. Count 2 charged Civil Disorder and Aiding and Abetting, in

violation of 18 U.S.C. §§ 231(a)(3) and 2. Count 3 charged Entering or Remaining in a Restricted Building or Grounds with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A). Count 4 charged Disorderly or Disruptive Conduct in a Restricted Building or Grounds with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A). Count 5 charged Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D). Count 6 charged Obstruction of Justice – Obstruction through Destruction of Evidence, in violation of 18 U.S.C. § 1512(c)(1).

On August 11, 2022, the defendant was sentenced to an aggregate term of imprisonment of 87 months, followed by a supervised release term of 36 months. Additionally, the defendant was ordered to pay restitution in the amount of $2,000 and a special assessment of $510. On August 22, 2022, the defendant filed a Notice of Appeal. On May 28, 2024, the DC Circuit affirmed the defendant's convictions but vacated his sentence and remanded the case for resentencing pursuant to the DC Circuit's decision in United States v. Brock. The DC Circuit further instructed that, "on remand, the district court may consider in the first instance any effect of the Supreme Court's decision in Fischer v. United States, No. 23-5572 (U.S.), on Robertson's conviction under 18 U.S.C. § 1512(c)(2)."

The analysis below will entail the computation of Mr. Robertson's sentencing guideline scores, considering the fact that the U.S. Attorney's Office has yet to invalidate the 1512 charge. Both calculations will be conducted in adherence to legal standards.

**<u>Current Applicable Guideline Scores – Without Fischer Case</u>**

The D.C. Circuit affirmed Robertson's conviction under 18 U.S.C. § 1512; however, it vacated his sentence and remanded for resentencing. This decision underscores that while the conviction remains, the sentencing must be revisited under a more favorable framework.

In United States v. Brock, the D.C. Circuit clarified that the phrase "administration of justice" in U.S.S.G. § 2J1.2 does not encompass Congress' certification of electoral college votes. This crucial distinction directly benefits Robertson. Specifically, the three-level enhancement under U.S.S.G. § 2J1.2(b)(2) for offenses resulting in substantial interference with the administration of justice does not apply to Robertson's case, as his actions were solely related to the certification process.

The ruling in Brock also precludes the application of the eight-level enhancement under U.S.S.G. § 2J1.2(b)(1)(B). This enhancement applies to offenses involving physical injury or property damage intended to obstruct the administration of justice. Since Congress' certification does not qualify as the administration of justice, this enhancement is inapplicable to Robertson's case.

The D.C. Circuit's decision is a favorable development for Robertson. The reinterpretation of the guidelines and the specific exclusion of Congress' certification process from the "administration of justice" significantly mitigates the potential sentencing enhancements that could have been applied. Consequently, Robertson's resentencing should reflect these favorable aspects, resulting in a more lenient sentence with the scoring below.

**Group 1 – One, three and Six**

Base Level Offense: 14 (USSG §2J1.2)

Adjustment for Role +2 (USSG §3B1.1(c)

Adjustment for Obstruction of Justice (based on the cellphones) +2 (USSG §3C1.1, comment. (n.7)

**Adjustment Offense Level 18**

**Group 2 – Counts Two and Four**

Base Level Offense 10 (USSG §2A2.4)

Adjustment for Dangerous Weapon possess +3 (USSG §2A2.4(b)(1)

**Adjustment Offense Level 13**

**Grouping the Offenses**: - USSG §3D1.4(a), (b

Group 1 – 18

Group 2 – 13

Includes increase +1 USSG §3D1.4

**Group Score – 19**

Guideline imprisonment range is 30 months to 37 months.

**Current Applicable Guideline Scores – Fischer Case**

On June 28, 2024, after the D.C. Circuit remanded this case, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176 (2024). *Fischer* held that to prove a violation of § 1512(c)(2), the Government must establish that the defendant impaired or attempted to impair the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding. The Court interpreted the "otherwise" clause in (c)(2) as being limited by the examples provided in (c)(1), which focuses on obstructive acts involving evidence impairment.

The Court explained that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16.

The Government asserts that there is ample evidence of Mr. Robertson's intent to impair the integrity of the election certification proceedings and specifically undermine the legislators' ability to carry out their constitutional duties. This assertion is fundamentally flawed and unsupported by the broader context of both the defendant's actions and intentions.

Firstly, the testimony cited, particularly that of Fracker, does not conclusively demonstrate Mr. Robertson's intent to obstruct the certification process. Fracker's understanding of what Mike Pence was required to do does not equate to a coordinated effort or shared intent by Mr. Robertson to obstruct the legislative process.

The Court rational in Fischer The Court relied on principles of statutory interpretation, such as noscitur a sociis and ejusdem generis, to conclude that the scope of (c)(2) is defined by the specific examples in (c)(1). It also considered the statutory context and history, noting that (c)(2) was enacted to address the Enron scandal and close a loophole related to document destruction. The Court argued that a broad interpretation of (c)(2) would render other obstruction provisions superfluous and expose activists and lobbyists to severe penalties.  Essentially, every time there is a protest and proceedings are taking place individuals could be charged under this statute which was never the intent of 1512.

**Group 1 – Two and Four** (USSG §3D1.2(c))

Base Level Offense: 10 (USSG §2A2.4)

Dangerous Weapon +3 (USSG §2A2.4(b)(1))

Aggravating Role +2 (USSG §3B1.1(c))

**Adjustment Offense Level 15**

**Group 2 – Counts Three and Six** (USSG §3D1.2(b))

Base Level Offense 14 (USSG §2J1.2)

**Offense Level 14**

**Grouping the Offenses**: -

Group 1 – 15

Group 2 – 14

**Group Score – 17**

Guideline imprisonment range is 24 months to 30 months

Final Analysis - 18 U.S.C. § 3553(a

After calculating the Guidelines, the Court must then turn to the sentencing factors outlined in 18 U.S.C. § 3553(a). In the present case, it is crucial to note that this sentencing framework applies not only at the initial sentencing, but also at any subsequent resentencing following a successful appeal. It is worth noting that the Supreme Court's recent decision in Fischer may potentially alter the Guidelines recommendation for the defendant, Thomas Robertson.  We ask the Court to take into consideration that he has been a model inmate for the last 3 years.

**Post Sentencing Achievements**

While incarcerated for the past 37 months, Mr. Robertson has made the most of his time by actively seeking self-improvement and educational opportunities. As a former law enforcement officer and military veteran, he has continued to serve his community through his involvement in the Non-residential Drug Program, where he has completed 60 hours of drug and alcohol abuse education. Additionally, he has taken courses in US history and manifest destiny, as well as adult continuing education classes on topics such as credit scores and exercise physiology. Mr. Robertson has also dedicated his time to mentoring non-citizens in their journey to obtain US citizenship, logging 40 hours in this effort. He has further honed his skills through a hobby farming and agriculture course, and has completed over 2500 hours of First Step Act programming, including a full-time job in a First Step Act apprenticeship program where he provides computer support for six furniture factories with multi-million dollar sales. His responsibilities include configuring and ordering parts, revising product lines, and ensuring quality control and product testing for FPI Office Furniture Group. He is one of only nine individuals in the entire country with this job, fully utilizing his skills and knowledge gained from his previous career. Mr. Robertson has made significant achievements while incarcerated and continues to make positive contributions to society.

Respectfully submitted,
ROLLINS AND CHAN

/s/
_____
Mark Rollins
DC Bar Number: 453638

>Counsel for Thomas Robertson
>419 7^(TH) Street, NW
>Suite 405
>Washington, DC 20004
>Telephone No. 202-455-5610
>Direct No: 202-455-5002
>mark@rollinsandchan.com

**Date Filed:** August 16, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024 this motion was electronically filed pursuant to the rules of the Court.

>/s/
>_____
>Mark Rollins